[Cite as *Budd v. Budd*, 2013-Ohio-2170.]

STATE OF OHIO      )
                      )ss:
COUNTY OF SUMMIT   )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

ROBERT J. BUDD

     Appellee

v.

LINDA M. BUDD nka MUNKA

     Appellant

C.A. No.     26132

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2004-09-3850

DECISION AND JOURNAL ENTRY

Dated: May 29, 2013

BELFANCE, Judge.

{¶1} Appellant Linda Budd, nka Munka ("Wife"), appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} This Court summarized much of the facts of this matter in one of the prior appeals:

> Plaintiff–Appellee, Robert Budd ("Husband"), and Wife were married in May 1976 and had three children together, all of whom [were] emancipated at the time the parties' divorce proceeding commenced. At the time of the divorce, Wife, who was 51 years old, was employed as a computer teacher in Garfield Heights City School District. Husband, who was 56 years old at the time, worked as a beer delivery driver for The House of LaRose in Akron.
>
> In September 2004, shortly after Wife had left the marital residence, Husband filed for divorce and Wife filed an answer and counterclaim for the same. The trial court held a hearing in September 2005, at which point the parties agreed to a division of property and waived any request for spousal support. After several unsuccessful attempts to obtain Wife's approval, Husband submitted an entry to the court, without Wife's signature, purporting to represent the parties' agreement

from the September 2005 hearing. The trial court entered the order as submitted and granted the parties a divorce on March 1, 2006.

Shortly thereafter, Wife filed a motion for relief from judgment, arguing that the trial court had entered the terms of the parties' divorce decree without giving her the opportunity to be heard on her objections to the proposed entry. Specifically, Wife complained that Husband's entry failed to incorporate information related to his Social Security and retirement health insurance benefits, in addition to a certificate of deposit held in his name. The trial court granted Wife's motion to vacate and held a new trial in the matter on November 9, 2006. Later that month, the trial judge recused himself from the case before issuing a decision because he had received [] an ex parte communication from Wife. Wife's attorney also withdrew based on the contents of the letter she submitted to the trial court about his performance. A new judge was assigned to the case, and Wife obtained a new attorney. Husband requested the division of property be decided based on the transcript of the November 2006 hearing, which Wife opposed. Wife then filed a motion for a new trial, which Husband opposed. The matter was reset for trial on May 20, 2008. The trial court received updated pension information in June 2008, and in October 2008, issued a decision dividing the parties' assets and ordering Wife to pay $400 per month in spousal support to Husband for a period of ten years.

Wife appealed from the trial court's decision, and this Court reversed after concluding that the trial court had not specified the precise date upon which the marriage was terminated for purposes of valuing the marital assets. *Budd v. Budd*, 9th Dist. No. 24485, 2009–Ohio–2674. Upon remand, the trial court issued a revised decision in which it reached the same division of assets and established the final hearing date of May 20, 2008, as the termination date of the marriage. Wife again appealed. This Court reversed the trial court's decision because, despite the trial court's assertion that it valued the assets as of the date of the final hearing, the record demonstrated otherwise. *Budd v. Budd*, 9th Dist. No. 24899, 2010–Ohio–55. We held that, to the extent that the trial court chose different valuation dates for some of the parties' marital assets, it failed to explain its reasoning for doing so. Therefore, we remanded the matter for the requisite findings to support the trial court's division of marital assets. *Id*. at ¶ 7. Upon remand, the trial court indicated that it relied upon the valuation evidence as presented at the May 20, 2008 hearing, but noted that, where the parties were able to update the information with their testimony at the hearing, it used the updated values for several assets, rather than the amounts indicated on past account statements that were introduced into evidence.

*Budd v. Budd,* 9th Dist. No. 25469, 2011-Ohio-565, ¶ 2-5.

{¶3} Wife again appealed raising twelve assignments of error. *Id.* at ¶ 6. We sustained

a portion of Wife's assignments of error and concluded that "the trial court abused its discretion

in establishing the final hearing date of May 20, 2008, as the termination date of the parties' marriage." *Id.* at ¶ 15. We stated that

> the evidence indicates that the parties had bilaterally agreed that their marriage had ended and had acted to unwind their personal, financial, and living arrangements at a point well in advance of the May 20, 2008 hearing. Though the exact date a marriage ends is "extremely difficult to determine," the practical considerations of this case require us to conclude that the marriage was terminated as of the date of the first hearing in this matter, November 9, 2006. *Berish*[ *v. Berish*], 69 Ohio St.2d [318, 320 (1982)]. Thus, the trial court abused its discretion in concluding otherwise and is directed to divide the parties' marital assets according to the values established at the November 2006 hearing. Accordingly, Wife's first, second, third, and fourth assignments of error are sustained.

*Budd,* 2011-Ohio-565, at ¶ 15.

{¶4} Upon remand, the trial court considered oral argument on the issues raised and issued a decision attempting to comply with this Court's remand. Wife has again appealed, asserting five assignments of error for our review.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE DETRIMENT OF THE APPELLANT BY ISSUING A DECREE WHICH SUBSTANTIALLY FAVORS HUSBAND OVER WIFE, ESPECIALLY BY USING AN APPRAISAL DATE FOR THE MARITAL RESIDENCE FROM DECEMBER 22, 2004 RATHER THAN THE DE FACTO TERMINATION DATE SET AT NOVEMBER 9, 2006.

{¶5} Essentially, Wife asserts in her second assignment of error that the trial court erred in using $175,000 as the value of the parties' home. We do not agree.

{¶6} In this Court's 2011 opinion, we ordered the trial court "to divide the parties' marital assets according to the values established at the November 2006 hearing." *Budd,* 2011-Ohio-565, at ¶ 15. The parties stipulated at the November 2006 hearing that the value of the marital residence was $175,000. The trial court stated "[t]he real estate, the stipulated value is

175,000. As I understand it, there's no mortgage on that property?" Both parties' counsel answered that that was correct, and neither party raised an objection to the trial court's understanding of the stipulation. Accordingly, Wife's argument is without merit and her second assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE DETRIMENT OF THE APPELLANT BY GRANTING AN UNEQUAL AND INEQUITABLE DIVISION OF PROPERTY IN VIOLATION OF STATUTORY AUTHORITY AND THIS COURT'S MANDATES.

{¶7} Wife asserts in her first assignment of error that the trial court's property division was unequal and inequitable. Wife takes issue with the trial court's listing, valuation, and distribution of assets.

{¶8} "A trial court has broad discretion in making divisions of property in domestic cases." (Internal quotations and citation omitted.) *Hines v. Hines-Ramsier,* 9th Dist. No. 09CA0022, 2010-Ohio-2996, ¶ 4.

{¶9} As noted above, this Court instructed the trial court "to divide the parties' marital assets according to the values established at the November 2006 hearing." *Budd,* 2011-Ohio-565, at ¶ 15. Thus, in reviewing the trial court's current decision, this Court began by reviewing the transcript of the November 2006 hearing. Review of that transcript revealed that the parties stipulated to a joint exhibit which supposedly listed "a vast majority of the assets" and their values. That exhibit was referred to as "Joint Exhibit 1" and was subsequently admitted. Accordingly, given our instruction to the trial court in our prior opinion, that exhibit would be vital in reviewing whether the trial court complied with our prior remand. This is especially so

because during the November 2006 hearing the parties referenced the exhibit but did not reiterate its entire contents in the record.

{¶10} Unfortunately, and through no apparent fault of the parties, that exhibit is not part of the record on appeal and cannot be located, despite two show cause orders initiated by this Court. Wife, in response to the show cause order, also stated that the parties do not agree what information should have been in the joint exhibit. Accordingly, it is difficult for this Court to conduct a meaningful review of the trial court's property division. However, while it is impossible for us to know whether the trial court abused its discretion in its property division in light of the absence of Joint Exhibit 1, we do have enough of a record to determine that the property division is erroneous. It is apparent from the face of the record that the trial court's property division is problematic. For example, the transcript of the November 2006 hearing indicates that the Teamster's 401(k) pension was valued at $96,000, yet, the trial court valued it at $97,292 in its entry. The transcript of the November 2006 hearing also seems to indicate that Husband's social security benefits totaled $244,000, while the trial court's entry lists the benefits as $224,074. This Court does not maintain that the transcript values are precise or even accurate, only that the trial court's entry does not reflect the values in the transcript leading us to be unable to presume that the trial court's values reflect the stipulated values found in the missing joint exhibit. Further, we note that the transcript seems to imply that Husband also possessed a Putnam Investment account and that account is not listed in the trial court's entry as a marital asset.[1] Additionally, in offsetting Wife's STRS pension (listed as $167,106) with Husband's social security benefits (listed as $224,074), the trial court concludes that this would mean

---

[1] Husband was asked, "And you have a Putnam Investments which is an IRA?" Husband responded affirmatively.

Husband is owed $8,375. Such is clearly erroneous, even when using the trial court figures. Further, both parties agree that the property division is erroneous. Husbands notes in his appellate brief that "Appellant appears to be correct that the trial court erred in some of the division of additional assets."

{¶11} Finally, the trial court's property division impermissibly commingles spousal support with the property division. The trial court concluded that, after dividing the property, Husband owed Wife $138,390. It seems that the trial court recognized that, in order to equalize the property division, Wife was owed $138,390. The trial court then concluded Wife owed Husband $1500 per month in spousal support for 120 months or a total of $180,000. This Court makes no determination as to the appropriateness of either calculation, but does take issue with what the trial court did next: the trial offset the $138,390 property division award to Wife with what Wife owed Husband in spousal support (i.e. $180,000), thereby concluding that ultimately Husband owed Wife no money and Wife owed Husband $41,610 in spousal support, payable at a rate of $347 per month over 120 months.

{¶12} Such is clearly prohibited by R.C. 3105.171. R.C. 3105.171(C)(3) states that "[t]he court shall provide for an equitable division of marital property under this section prior to making any award of spousal support to either spouse under section 3105.18 of the Revised Code and without regard to any spousal support so awarded." *See also Vincent v. Vincent,* 9th Dist. No. 15016, 1991 WL 231563, *2 (Nov. 6, 1991) ("When the trial court ordered 'this debt shall be paid as spousal support' it impermissibly merged the distributive award and spousal support."); *McMahon v. McMahon,* 11th Dist. No. 2001-P-0042, 2002-Ohio-3378, ¶ 10 (noting that R.C. 3105.171(C)(3) "clearly reveals that the General Assembly intended to stop the trial court from combining the award of marital property and the spousal support award[]"); *Jendrusik*

*v. Jendrusik,* 7th Dist. No. 00 BA 54, 2001 WL 1667871, *3 (Dec. 17, 2001) ("The statutory scheme now clearly distinguishes the two determinations and requires the trial court to equitably divide the marital property prior to deciding whether to grant spousal support. The statute also requires that spousal support not be considered in determining the division of marital property."); *Krisher v. Krisher,* 82 Ohio App.3d 159, 165 (3d Dist.1992) ("[T]he trial court committed error in awarding a setoff against spousal support to compensate appellant for a cash award he is entitled to receive from appellee to achieve equity in the distribution of marital assets. We believe that the better approach to enforcing the award would have been to allow appellant a 'distributive award' pursuant to R.C. 3105.171(E)(1) and (2).").

{¶13} Given these numerous problems in the property division apparent on the face of the record, we cannot presume that the trial court properly considered the missing joint exhibit in ordering the property division. In light of the foregoing, we sustain Wife's first assignment of error and remand the matter to the trial court for further proceedings. Upon remand, if the trial court has the exhibits from the November 2006 hearing in its possession, it should ensure that such are made part of the record. If Joint Exhibit 1 or any other trial exhibits are truly lost, the trial court is instructed to conduct a hearing at which the parties shall set forth what each side believes constitutes Joint Exhibit 1 and any other missing exhibits admitted at the November 2006 hearing. Additionally, to the extent the parties disagree as to contents of the exhibits that were admitted at the November 2006 hearing, then the trial court may take any testimony or evidence necessary to resolve the dispute. Thereafter, the trial court shall determine the item or items that represent the exhibits admitted at the November 2006 hearing.[2] The trial court shall

---

[2] To the extent that the parties did not provide the value of a particular asset at the time of the 2006 hearing, nothing in this opinion should be construed to prevent the parties from

utilize those exhibits, particularly Joint Exhibit 1, in conducting the property division according to the appropriate statutory provisions and case law. *See, e.g.,* R.C. 3105.171. After the trial court has determined the property division, it can then decide if a spousal support award is appropriate. *See* R.C. 3105.171(C)(3). Wife's first assignment of error is sustained.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE DETRIMENT OF THE APPELLANT BY IGNORING R.C. 3105.18 ET SEQ. IN ORDERING SPOUSAL SUPPORT.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE DETRIMENT OF APPELLANT BY SETTING SPOUSAL SUPPORT USING INCOME FIGURES AND OTHER R.C. 3105.18 FACTORS AS THEY EXISTED IN 2008 RATHER THAN NOVEMBER 9, 2006, THE DE FACTO TERMINATION DATE.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE DETRIMENT OF THE APPELLANT BY FAILING TO FIND THAT THE HUSBAND IS VOLUNTARILY UNEMPLOYED.

**{¶14}** In light of our resolution of Wife's first assignment of error, her third, fourth, and fifth assignments of error are not properly before us as the trial court will be required to reconsider its spousal support award after it conducts an appropriate property division. *See* R.C. 3105.171(C)(3) ("The court shall provide for an equitable division of marital property under this section prior to making any award of spousal support to either spouse under section 3105.18 of the Revised Code and without regard to any spousal support so awarded.").

---

obtaining such value and stipulating to such value as of the date of the November 2006 hearing or, in the absence of a stipulation, presenting competing values for the trial court's consideration.

III.

{¶15}  In light of the foregoing, we sustain Wife's first assignment of error, overrule her second assignment of error, and decline to address her remaining assignments of error.  The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

SUSAN K. PRITCHARD, Attorney at Law, for Appellant.

RANDAL A. LOWRY and KENNETH L. GIBSON, Attorneys at Law, for Appellee.