[Cite as *Budd v. Budd*, 2014-Ohio-4185.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| ROBERT J. BUDD | C.A. No. 27051 |
| Appellee/Cross-Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LINDA M. MUNKA | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant/Cross-Appellee | CASE No. 2004-09-3850 |

DECISION AND JOURNAL ENTRY

Dated: September 24, 2014

---

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant-Cross-Appellee Linda Munka ("Wife") appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. Plaintiff-Appellee-Cross-Appellant Robert Budd ("Husband") has filed a cross-appeal. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} This matter has a long procedural history which has brought the parties to this Court on four prior occasions.

> [Husband] and Wife were married in May 1976 and had three children together, all of whom [were] emancipated at the time the parties' divorce proceeding commenced. At the time of the divorce, Wife, who was 51 years old, was employed as a computer teacher in Garfield Heights City School District. Husband, who was 56 years old at the time, worked as a beer delivery driver for The House of LaRose in Akron.
>
> In September 2004, shortly after Wife had left the marital residence, Husband filed for divorce and Wife filed an answer and counterclaim for the same. The trial court held a hearing in September 2005, at which point the parties agreed to a division of property and waived any request for spousal support. After several

unsuccessful attempts to obtain Wife's approval, Husband submitted an entry to the court, without Wife's signature, purporting to represent the parties' agreement from the September 2005 hearing. The trial court entered the order as submitted and granted the parties a divorce on March 1, 2006.

Shortly thereafter, Wife filed a motion for relief from judgment, arguing that the trial court had entered the terms of the parties' divorce decree without giving her the opportunity to be heard on her objections to the proposed entry. Specifically, Wife complained that Husband's entry failed to incorporate information related to his Social Security and retirement health insurance benefits, in addition to a certificate of deposit held in his name. The trial court granted Wife's motion to vacate and held a new trial in the matter on November 9, 2006. Later that month, the trial judge recused himself from the case before issuing a decision because he had received [ ] an ex parte communication from Wife. Wife's attorney also withdrew based on the contents of the letter she submitted to the trial court about his performance. A new judge was assigned to the case, and Wife obtained a new attorney. Husband requested the division of property be decided based on the transcript of the November 2006 hearing, which Wife opposed. Wife then filed a motion for a new trial, which Husband opposed. The matter was reset for trial on May 20, 2008. The trial court received updated pension information in June 2008, and in October 2008, issued a decision dividing the parties' assets and ordering Wife to pay $400 per month in spousal support to Husband for a period of ten years.

Wife appealed from the trial court's decision, and this Court reversed after concluding that the trial court had not specified the precise date upon which the marriage was terminated for purposes of valuing the marital assets. *Budd v. Budd*, 9th Dist. No. 24485, 2009-Ohio-2674. Upon remand, the trial court issued a revised decision in which it reached the same division of assets and established the final hearing date of May 20, 2008, as the termination date of the marriage. Wife again appealed. This Court reversed the trial court's decision because, despite the trial court's assertion that it valued the assets as of the date of the final hearing, the record demonstrated otherwise. *Budd v. Budd*, 9th Dist. No. 24899, 2010-Ohio-55. We held that, to the extent that the trial court chose different valuation dates for some of the parties' marital assets, it failed to explain its reasoning for doing so. Therefore, we remanded the matter for the requisite findings to support the trial court's division of marital assets. *Id*. at ¶ 7. Upon remand, the trial court indicated that it relied upon the valuation evidence as presented at the May 20, 2008 hearing, but noted that, where the parties were able to update the information with their testimony at the hearing, it used the updated values for several assets, rather than the amounts indicated on past account statements that were introduced into evidence.

*Budd v. Budd*, 9th Dist. No. 25469, 2011-Ohio-565, ¶ 2–5.

Wife again appealed raising twelve assignments of error. *Id*. at ¶ 6. We sustained a portion of Wife's assignments of error and concluded that "the trial court abused

its discretion in establishing the final hearing date of May 20, 2008, as the termination date of the parties' marriage." *Id*. at ¶ 15. We stated that "the evidence indicates that the parties had bilaterally agreed that their marriage had ended and had acted to unwind their personal, financial, and living arrangements at a point well in advance of the May 20, 2008 hearing. Though the exact date a marriage ends is "extremely difficult to determine," the practical considerations of this case require us to conclude that the marriage was terminated as of the date of the first hearing in this matter, November 9, 2006. *Berish[ v. Berish*], 69 Ohio St.2d [318, 320 (1982) ]. Thus, the trial court abused its discretion in concluding otherwise and is directed to divide the parties' marital assets according to the values established at the November 2006 hearing. Accordingly, Wife's first, second, third, and fourth assignments of error are sustained. *Budd*, 2011–Ohio–565, at ¶ 15."

*Budd v. Budd,* 9th Dist. Summit No. 26132, 2013-Ohio-2170, ¶ 3.

{¶3} "Upon remand, the trial court considered oral argument on the issues raised and issued a decision attempting to comply with this Court's remand." *Id.* at ¶ 4. Wife again appealed raising five assignments of error. *Id.* This Court concluded that the trial court did not err in using $175,000 as the value for the marital home. *Id.* at ¶ 6. However, we did reverse and remand the matter for the trial court to locate or recreate a joint exhibit admitted at the 2006 hearing, which was purported to list the majority of the marital assets and their values. *Id.* at ¶ 9-13. We found the joint exhibit to be important because in the prior appeal, this Court ordered the "trial court 'to divide the parties' marital assets according to the values established at the November 2006 hearing.'" *Id.* at ¶ 9, quoting *Budd,* 2011-Ohio-565, at ¶ 15.

{¶4} After our decision was issued, the trial court held another hearing and subsequently issued a judgment entry. Wife has appealed, raising five assignments of error for our review, and Husband has cross-appealed, raising one assignment of error for our review. We are mindful in our review that the parties have had numerous opportunities to litigate certain issues, and have thus confined our analysis solely to the issues raised by the parties. We

additionally take into consideration the unique and lengthy procedural background of this case in issuing this decision.

{¶5}   The assignments of error will be addressed out of sequence to facilitate our review.

II.

**WIFE'S APPEAL**

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT, LINDA MUNKA, AS A MATTER OF LAW BY FAILING TO INCLUDE THE VALUE OF THE 1993 GMC TRUCK AS MARITAL PROPERTY.

{¶6}   Wife asserts in her first assignment of error that the trial court erred in omitting the $4233 value of the 1993 GMC truck gifted to the parties' son from its division of assets. Under the circumstances, this Court concludes there is no reversible error.

{¶7}   We note that Wife does not challenge the valuation of the truck but instead asserts that the trial court erred in failing to include the value in the division of assets. The record establishes that the truck was gifted to the parties' son in 2006 by Husband. It is less clear whether Wife knew about the gift or acquiesced to it.[1] Since 2008, the trial court has never included in a judgment entry the value of the truck in the division of marital assets, and Wife has never challenged that finding on appeal until now. Moreover, even assuming that Wife could have raised this issue in the last remand to the trial court, she has not pointed to anything in the record indicating that she, at some point prior to this appeal, informed the trial court of any alleged error in its failure to include the value of the truck in the property division. *See* App.R.

---

[1] In prior hearings, Wife adamantly asserted that she did not give Husband permission to give the truck to son.

16(A)(7); *see also Lanham v. Lanham,* 9th Dist. Medina No. 2694-M, 1998 WL 487239, *4 (Aug. 14, 1996) ("As a general matter, alleged errors that arise during the course of civil proceedings and are not brought to the attention of the trial court by objection or otherwise at a time when they could be remedied are [forfeited] and may not be reviewed on appeal.").

{¶8} Given the totality of the circumstances, including the unique procedural history of this case, along with Wife's limited arguments, we cannot conclude the trial court committed reversible error. Wife's first assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT, LINDA MUNKA, BY INCLUDING A VALUE FOR "EXCESS SURVIVORSHIP BENEFITS" WITHOUT EXPERT TESTIMONY OR STIPULATION BY THE PARTIES.

{¶9} In her fourth assignment of error, Wife asserts that the trial court erred in including a value for excess survivorship benefits absent expert testimony or stipulation by the parties. Wife does not specifically challenge the value of the excess survivorship benefits or the manner in which the trial court distributed them.

{¶10} Wife's argument essentially focuses on the fact that the excess survivorship benefits do not appear on the exhibit that lists the marital assets and there is no testimony related to these benefits. Nonetheless, we note that these same excess survivorship benefits have been included in every judgment entry, and have impacted the property division since 2008. While they have not been distributed in the same manner (sometimes they are directly considered a martial asset and awarded to Wife while other times it appears they are considered as separate property of Husband previously awarded to Wife which thus would decrease the amount Husband was to award Wife in the distributive award), they have always been taken into consideration in some manner. Similar to her first assignment of error, Wife has never before

raised this precise issue as an assignment of error, nor has she pointed to anywhere in the record where she raised this concern with the trial court. *See* App.R. 16(A)(7); *Lanham* at \*4.

**{¶11}** It is clear from the record that the excess survivorship benefits awarded by the trial court were discussed at length in a document submitted by Husband following the May 2008 hearing. The document was filed June 16, 2008, and appears to be from Pension Evaluators and, inter alia, discusses the excess survivorship benefits. A review of the end of the transcript of the May 2008 hearing reveals that the parties anticipated Husband filing the reports at issue. Additionally, it is apparent from the record that if there were challenges to those reports counsel would bring those challenges to the trial court's attention. Nothing in the record indicates that any motion or objection was ever filed in the trial court, nor has Wife pointed to anything that would support such a conclusion. *See* App.R. 16(A)(7). The trial court did not issue its corresponding initial judgment entry until October 2008. Thus, Wife had ample opportunity to object to the trial court's consideration of the document in fashioning a judgment entry. She did not do so. In light of the foregoing, we conclude that Wife has forfeited the ability to challenge the trial court's use of the document, and the excess survivorship benefits described therein, in the property division. *See Lanham,* 1998 WL 487239, at \*4. As Wife's assignment of error is limited to whether the trial court could consider these benefits when there was no expert testimony or stipulation, we accordingly overrule her assignment of error.

ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF DEFENDANT-APPELLANT, LINDA MUNKA, BY AWARDING SPOUSAL SUPPORT BEFORE PROVIDING FOR AN EQUITABLE DIVISION OF MARITAL PROPERTY AND BY IMPERMISSIBLY COMMINGLING SPOUSAL SUPPORT WITH THE PROPERTY DIVISION.

**{¶12}** Wife asserts in her third assignment of error that the trial court impermissibly commingled spousal support with the property division, essentially disregarding language in our prior opinion. *See Budd,* 2013-Ohio-2170, at ¶ 12.

**{¶13}** It appears that Wife asserts that the trial court again commingled the property division and spousal support award because it inserted its award of spousal support in the midst of the portion of the journal entry detailing the property division. Wife does not directly challenge the amount of the spousal support award or maintain that the trial court failed to consider the appropriate statutory factors. *See* R.C. 3105.18(C)(1); *Daugherty v. Daugherty,* 9th Dist. Wayne No. 12CA0003, 2013-Ohio-1934, ¶ 14 ("While a trial court has wide latitude in awarding spousal support, it must do so in consideration of the fourteen factors enunciated in R.C. 3105.18(C)(1).").

**{¶14}** In the prior appeal this Court found the way the trial court offset the property division with the spousal support award was problematic:

> [T]he trial court's property division impermissibly commingles spousal support with the property division. The trial court concluded that, after dividing the property, Husband owed Wife $138,390. It seems that the trial court recognized that, in order to equalize the property division, Wife was owed $138,390. The trial court then concluded Wife owed Husband $1500 per month in spousal support for 120 months or a total of $180,000. This Court makes no determination as to the appropriateness of either calculation, but does take issue with what the trial court did next: the trial offset the $138,390 property division award to Wife with what Wife owed Husband in spousal support (i.e. $180,000), thereby concluding that ultimately Husband owed Wife no money and Wife owed Husband $41,610 in spousal support, payable at a rate of $347 per month over 120 months. * * * Such is clearly prohibited by R.C. 3105.171.

*Budd,* 2013-Ohio-2170, at ¶ 11-12.

**{¶15}** We agree with Wife that the trial court's entry would be problematic if, under circumstances of an initial direct appeal, the trial court structured its entry in this manner. However, given the circumstances of this case, we do not discern that, in substance, the trial

court impermissibly commingled the property division and spousal support award as it had in the prior entry. While the form of the trial court's entry is imperfect, our focus is on its substance in the context of our latest remand. Thus, while we do not encourage trial courts to issue judgment entries in the manner done here, in light of Wife's limited argument, we cannot conclude there was an abuse of discretion based solely on the placement of items in the journal entry. It is apparent from the transcript that the trial court clearly was aware of our prior decision and attempted to follow our instructions. This is also clear given the fact that the trial court *did* refrain from offsetting the property division with the spousal support award. Accordingly, in light of Wife's limited argument on appeal, and the unique circumstances of this case, we cannot say that the trial court abused its discretion. Wife's third assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT, LINDA MUNKA, BY FASHIONING A PROPERTY DIVISION THAT IS INEQUITABLE DUE TO THE FACT THAT ROBERT HAS TEN YEARS TO PAY LINDA AND NO INTEREST OR SECURITY IS PROVIDED.

{¶16} In Wife's fifth assignment of error she asserts that the property division is inequitable only because it gives Husband ten years to pay and affords Wife no interest or security. We sustain Wife's assignment of error.

{¶17} "A trial court is vested with broad discretion when fashioning this division of property." *Saluppo v. Saluppo,* 9th Dist. Summit No. 22680, 2006-Ohio-2694, ¶ 7. "While there is no requirement that a trial court award interest on monetary obligations which arise from property divisions, the court is statutorily obligated to make an equitable division of the parties' marital property." *Id.* at ¶ 17, citing R.C. 3105.171(C)(1) and *Koegel v. Koegel,* 69 Ohio St.2d 355, 357 (1982). Here the trial court, without explanation, ordered Husband to pay Wife

$185,758 over ten years with no interest or security to equalize the property division. As in *Saluppo*, the trial court here "(1) failed to account for interest on the monthly payments and (2) provided no reason for permitting Husband to make monthly payments which will ultimately cost him less than making a lump sum payment." *Saluppo* at ¶ 17. There is no discussion in the entry that Husband would be unable to make a lump sum payment or that it would be inequitable to require Husband to pay interest on his long-term payments or to secure the award. *See Zaccardelli v. Zaccardelli,* 9th Dist. Summit No. 26262, 2013-Ohio-1878, ¶ 42 (noting a trial court has discretion to secure a property division by ordering one spouse to maintain a life insurance policy for the other spouse's benefit). Absent any discussion on the matter by the trial court in the entry, we conclude the trial court abused its discretion in ordering Husband to pay the award over ten years with no interest or no security. Wife's fifth assignment of error is sustained.

## ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT, LINDA MUNKA, BY FAILING TO INCLUDE *DEATH OF THE WIFE OR REMARRIAGE OF THE HUSBAND* AS SUBSEQUENT CONDITIONS WHICH WOULD RESULT IN THE TERMINATION OF THE SPOUSAL SUPPORT. (EMPHASIS SIC.)

{¶18} Wife asserts in her second assignment of error that the trial court erred in failing to include death of Wife or remarriage of Husband as conditions that would terminate spousal support.

{¶19} We note that this Court would typically refrain from addressing matters surrounding spousal support when the Court is remanding the matter to address an issue related to property division. *See Budd,* 2013-Ohio-2170, at ¶ 14. We also recognize that this divorce matter has been pending for many years. Because the change necessitated by this Court's

remand concerning Wife's fifth assignment of error will only result in possibly changing the manner in which the $185,758 is awarded, and in light of the lengthy history of the case, and in the interests of judicial economy and finality for the parties, this Court will proceed to address the arguments concerning spousal support.

{¶20}  "The appellate court reviews the trial court's award of spousal support for an abuse of discretion.  An abuse of discretion * * * means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." *Daugherty,* 2013-Ohio-1934, at ¶ 13.

Death of Wife

{¶21}  Wife first challenges the trial court's failure to include death of Wife as condition terminating spousal support.  The entry in this matter states that "Wife shall pay to Husband, as spousal support, the sum of Fifteen Hundred Dollars ($1,500) a month for One Hundred Twenty (120) consecutive months or until he shall die."  R.C. 3105.18(B) provides that "[a]ny award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award *expressly* provides otherwise."  (Emphasis added.)  "Expressly means 'in an express manner; in direct or unmistakable terms; explicitly; the opposite of impliedly.'" *Woodrome v. Woodrome,* 12th Dist. Butler No. CA2000-05-074, 2001 WL 290067, *1 (Mar. 26, 2001), quoting Black's Law Dictionary (6 Ed.Rev.1990).

{¶22}  Wife asserts that the trial court's omission of death of Wife while including death of Husband requires the conclusion that the death of Wife would not be a condition that would terminate spousal support.  However, the trial court's entry does not *expressly* provide that spousal support *will not* terminate if Wife dies.  Said another way, the entry does not state that Wife's spousal support obligation will continue after her death. While there may an *implication* that spousal support would not terminate upon Wife's death from the trial court's language, an

implication is not equivalent to an express provision. *See id.* Accordingly, because the entry does not expressly provide that spousal support will not terminate upon Wife's death, pursuant to R.C. 3105.18(B), spousal support also terminates upon Wife's death.

Husband's Remarriage

{¶23} Wife also asserts that the trial court abused its discretion in failing to include remarriage of Husband as a condition that would terminate spousal support. We note that the decree provides that

> the Court retains jurisdiction under R.C. 3105.18(E)(1) to modify the amount of support to be paid and to modify the terms of support to be paid as provided under R.C. 3105.18(F) if there has been a change in the circumstances of the parties, including, but not limited to any increase or involuntary decrease in the parties' wages, salaries, bonuses, living or medical expenses.

{¶24} In reliance upon *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, the Second District has noted that "a trial court does not necessarily err in failing to include language in a divorce decree terminating spousal support upon the recipient's remarriage." *Long v. Long,* 176 Ohio App.3d 621, 2008-Ohio-3006, ¶ 36 (2d Dist.). "Instead, a trial court may retain jurisdiction to consider reducing or terminating spousal support upon the recipient's remarriage." *Id.* In other words, given that Wife may assert that Husband's remarriage would constitute a change in circumstances, and in light of the fact that the trial court retained jurisdiction over the amount and terms of the support, we cannot say that the trial court abused its discretion in failing to include remarriage of Husband as a condition that would terminate spousal support. *See id.* at ¶ 37 ("In the present case, the trial court reserved jurisdiction over the amount of spousal support. Therefore, upon a proper motion and in the exercise of its discretion, the trial court presumably could reduce spousal support to zero if [Husband] remarries."). Wife's second assignment of error is overruled.

**HUSBAND'S APPEAL**

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO PROVIDE AN EFFECTIVE DATE FOR ITS ORDER OF SPOUSAL SUPPORT.

{¶25} Husband asserts in his sole assignment of error the trial court erred in failing to specify an effective date for its spousal support award and that the effective date should have been November 9, 2006. We do not agree.

{¶26} Essentially, Husband argues that the trial court abused its discretion because its decree of divorce failed to award Husband retroactive spousal support. We note that the case Husband cites in support of his argument deals with spousal support modification and not the initial spousal support award. Further, this Court has held that

> we will not overturn a spousal support award unless the award is unreasonable, arbitrary, or unconscionable, and the burden of proving that the award as such is born by the party challenging it. [Husband] has not cited to any case law or legal authority supporting [his] assertion that the trial court erred by not making the spousal support payments retroactive from the final date of marriage, nor can we find any authority mandating retroactive support payments. Accordingly, we cannot say that the trial court abused its discretion in declining to make the spousal support payments retroactive.

(Internal quotations and citation omitted.) *Morris v. Morris,* 9th Dist. Summit No. 22778, 2006-Ohio-1560, ¶ 17. We note that Husband has not pointed to anything in the record subsequent to this Court's prior decision evidencing that he requested the trial court to order the spousal support award effective as of 2006, nor have we located anything in that portion of the record that would suggest the same request was made. Under the circumstances of this case, we cannot conclude that the trial court abused its discretion. Husband's sole assignment of error is overruled.

III.

{¶27} In light of the foregoing, we sustain Wife's fifth assignment of error and overrule Wife's remaining assignments of error and Husband's assignment of error. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

SUSAN K. PRITCHARD, Attorney at Law, for Appellant/Cross-Appellee.

RANDAL A. LOWRY, and KENNETH L. GIBSON, Attorneys at Law, for Appellee/Cross-Appellant.