[Cite as *Budd v. Munka*, 2019-Ohio-1972.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| ROBERT J. BUDD | | C.A. No. 28863 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LINDA M. BUDD nka MUNKA | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 2004-09-3850 |

DECISION AND JOURNAL ENTRY

Dated: May 22, 2019

HENSAL, Judge.

{¶1}    Linda Budd, nka Linda Munka ("Wife"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, this Court affirms.

I.

{¶2}    This domestic-relations appeal has a lengthy procedural history, much of which is outlined in this Court's prior decisions. *See Budd v. Munka*, 9th Dist. Summit No. 27051, 2014-Ohio-4185. Relevantly, the parties' 30-year marriage ended in 2006. In October 2008, the trial court issued a decision dividing the parties' assets and ordering Wife to pay spousal support to Robert Budd ("Husband"). *Id.* at ¶ 2. After several appeals[1] and remands, the trial court issued a new decision in July 2013, ordering Wife to pay $1,500 per month for 120 months to Husband in

---

[1] *See Budd v. Budd*, 9th Dist. Summit No. 24485, 2009-Ohio-2674; *Budd v. Budd*, 9th Dist. Summit No. 24899, 2010-Ohio-55; *Budd v. Budd*, 9th Dist. Summit No. 25469, 2011-Ohio-565; *Budd v. Budd*, 9th Dist. Summit No. 26132, 2013-Ohio-2170.

spousal support, and ordering Husband to pay Wife a property-division award of $185,758, which it ordered to be paid in installments of $1,548 per month for 120 months. Wife appealed that decision, challenging the trial court's decision to allow Husband to pay the property-division award over ten years without requiring Husband to secure that amount, or to pay interest. *Id.* at ¶ 16.

{¶3} On appeal, this Court sustained Wife's assignment of error, finding that "[t]here [wa]s no discussion in the entry that Husband would be unable to make a lump sum payment or that it would be inequitable to require Husband to pay interest on his long-term payments or to secure the award." *Id.* at ¶ 17. We concluded that, "[a]bsent any discussion on the matter by the trial court in the entry, * * * the trial court abused its discretion in ordering Husband to pay the award over ten years with no interest or no security." *Id.* at ¶ 17. We then remanded the matter for further proceedings. *Id.* at ¶ 27.

{¶4} Prior to the trial court issuing a new decision on remand, Wife filed a motion to terminate her spousal-support obligation to Husband and a motion requesting Husband to pay spousal support to her. After several hearings related to Wife's motions and this Court's remand, the trial court issued a new decision in October 2017. In its new decision, the trial court addressed this Court's remand, explaining that it would be inequitable to require Husband to pay interest on the property-division award because Wife avoided paying spousal support for seven years (i.e., from the termination of the marriage in 2006 until the issuance of the new judgment entry in 2013). It further explained that it would be inequitable to require Husband to acquire life insurance to secure the property-division award because the insurance quotes submitted to the court were around $450 per month, which were "much too expensive – particularly since [Wife] continues to avoid her spousal support obligation." The trial court also denied Wife's

pending motions, determining that there was no justification for terminating Wife's spousal-support obligation, or to require Husband to pay Wife spousal support.

{¶5} Now, in the parties' sixth appeal, Wife challenges the trial court's decision, raising four assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE PREJUDICE OF [WIFE] BY FASHIONING A PROPERTY DIVISION THAT IS INEQUITABLE DUE TO THE FACT THAT [HUSBAND] HAS TEN YEARS TO PAY [WIFE] AND NO INTEREST OR SECURITY IS PROVIDED.

{¶6} In her first assignment of error, Wife argues that the trial court abused its discretion by allowing Husband to pay the property-division award over ten years, without any interest or security, as opposed to a lump-sum payment. This Court disagrees.

{¶7} A trial court is "statutorily obligated to make an equitable division of the parties' marital property." *Saluppo v. Saluppo*, 9th Dist. Summit No. 22680, 2006-Ohio-2694, ¶ 17, citing R.C. 3105.171(C)(1). There is, however, "no requirement that a trial court award interest on monetary obligations which arise from property divisions[.]" *Id.* at ¶ 17. Further, it is within the trial court's discretion to require one spouse to obtain an insurance policy to secure the property-division award owed to the other spouse. *Zaccardelli v. Zaccardelli*, 9th Dist. Summit No. 26262, 2013-Ohio-1878, ¶ 42. "In light of the trial court's broad discretion in deciding whether to place security or interest on a property division award, we review the trial court's decision on this matter for an abuse of discretion." *Palazzo v. Palazzo*, 9th Dist. Summit Nos. 27932, 27935, 2016-Ohio-3041, ¶ 16. An abuse of discretion indicates that the court's decision was arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} As previously noted, the trial court determined that Husband could not pay the $185,758 property-division award in a lump sum, and that it would be inequitable for Husband to pay interest on the award because Wife avoided paying spousal support for seven years. It further determined that, given the cost of insurance premiums, it would be inequitable to require Husband to secure the property-division award.

{¶9} On appeal, Wife argues that Husband had the ability to pay the $185,758 property-division award in a lump-sum payment with his 401k. She also argues that, even if obtaining insurance was too expensive, the solution should have been for the trial court to issue a QDRO requiring Husband to transfer his 401k to her. Wife further argues that, given the offset (i.e., the fact that she had not made spousal-support payments and Husband had not made payments toward the property-division award), she has effectively paid spousal-support and, regardless, spousal-support payments are irrelevant to the issue of security or interest. Notwithstanding, she argues, rather than ordering no interest, the equitable solution would have been for the trial court to order Husband to pay interest beginning when her spousal-support obligation began.

{¶10} The record reflects that Husband lives off of his pension and social-security income. At the time of the June 2017 hearing, Husband's income was approximately $50,000, his 401k was valued at approximately $132,000, and he had around $23,000 in his checking account. Given the trial court's broad discretion and Wife's argument on appeal, we cannot say that Wife has established that the trial court abused its discretion by determining that Husband could not pay the $185,758 property-division award in a lump-sum payment. Nor can we say that Wife has established that the trial court abused its discretion by not requiring Husband to pay interest on, or to secure, the award. While other options may have existed, a trial court does

not abuse its discretion simply because another judge could have reached a different conclusion. *Premier Therapy, LLC v. Childs*, 7th Dist. Columbiana Nos. 14 CO 0048, 15 CO 0028, 2016-Ohio-7934, ¶ 53 ("Although a different judge may have reasonably made a different decision, where the decision is in the discretionary province of the trial court, we cannot substitute our judgment."). Accordingly, Wife's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT USED [WIFE'S] INVESTMENT INCOME AS INCOME FOR SPOUSAL SUPPORT PURPOSES AND DID NOT INCLUDE ALL OF [HUSBAND'S] SOCIAL SECURITY EARNINGS.

{¶11} In her second assignment of error, Wife asserts that the trial court erred when it used her nonrecurring investment income in the amount of $10,700 as part of its spousal-support calculation. In support of her argument, she cites Revised Code Section 3119.01 for the proposition that gross income does not include nonrecurring or unsustainable income. Section 3119.01, however, pertains to child support, not spousal support. Section 3105.18 governs spousal support, providing that the trial court must consider the parties' income "from all sources," and – unlike the child-support statute – does not exclude nonrecurring income. R.C. 3105.18(C)(1)(a); *see Karis v. Karis*, 9th Dist. Summit No. 23804, 2007-Ohio-759, ¶ 11. Wife, therefore, has not established that the trial court erred by considering her alleged nonrecurring income for spousal-support purposes. *Id.*

{¶12} Wife also asserts that the trial court erred by not considering all of Husband's social-security earnings when determining whether to modify the spousal-support award. More specifically, she challenges the trial court's determination that Husband made $34,000 in 2013, when his tax returns show an income of around $50,000. In response, Husband argues that Wife is precluded from challenging the trial court's income determination, which it initially made in

its July 2013 judgment entry. This Court agrees. In its 2013 judgment entry, the trial court noted that Husband lived on "a total of about $34,000 before taxes[.]" Wife did not challenge that determination in her appeal of that entry. *See Budd*, 2014-Ohio-4185. She, therefore, is precluded from doing so now. *See Carpenter v. Carpenter*, 7th Dist. Noble Nos. 11 NO 387, 11 NO 388, 2012-Ohio-4567, ¶ 22. Even if Wife could raise this issue, she has not explained how the trial court's error in this regard undermined its ultimate conclusion and resulted in an abuse of discretion. In light of the foregoing, Wife's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT DENIED [WIFE'S] MOTION TO MODIFY SPOUSAL SUPPORT.

{¶13} In her third assignment of error, Wife argues that the trial court erred by denying her motion to terminate spousal support based upon a change of circumstances. "This Court reviews a trial court's decision to modify spousal support under an abuse of discretion standard." *Michaels v. Michaels*, 9th Dist. Medina No. 12CA0029-M, 2013-Ohio-984, ¶ 7.

{¶14} Wife filed her motion to terminate the spousal-support award on January 28, 2015. The trial court held two hearings on the matter: one in July 2016, and one in June 2017. At the conclusion of the July 2016 hearing, the parties agreed that Wife would provide her most recent tax returns to Husband. During the June 2017 hearing, Husband's counsel cross-examined Wife regarding the contents of her tax returns. Wife admitted that she inherited $200,000 from her father, which resulted in a substantial increase in her income from 2014 to 2015. She maintained, however, that the trial court could not consider that income for purposes of calculating spousal support.

{¶15} In denying her motion, the trial court analyzed Wife's income from 2013-2015 and determined that no change of circumstances had occurred. On appeal, Wife asserts that, due

to her retirement in 2016, her income has substantially decreased. She also asserts that her healthcare costs have increased. Her argument in this regard focuses solely on her retirement income. Wife has not presented any argument as to how, at the time she filed her motion to terminate spousal support in 2015, a change of circumstances had occurred. Nor has she cited authority to support her position that the trial court should have considered her 2016 retirement income when deciding her 2015 motion.[2] Even if she had, Wife has not explained why the trial court would have been limited to considering her retirement income when Section 3105.18 allows trial courts to consider income from "all sources[.]" R.C. 3105.18(C)(1)(a).

{¶16} Based upon her limited argument, Wife has failed to establish that the trial court abused its discretion when it denied her motion to terminate spousal support. Accordingly, her third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED WHEN IT DENIED [WIFE'S] MOTION FOR SPOUSAL SUPPORT.

{¶17} In her fourth assignment of error, Wife asserts that the trial court erred when it denied her motion for spousal support. We reject Wife's assignment of error outright because it contains neither citations to the record, nor to relevant legal authority. App.R. 16(A)(7). Accordingly, her fourth assignment of error is overruled.

---

[2] Although inconsequential for purposes of our disposition of this appeal, Wife's statement of facts preceding her assignments of error indicates that, when she filed her motion to terminate, she planned on retiring in June 2015. This is inconsistent with her testimony during the June 2017 hearing wherein she specifically testified: "In * * * January 2015, I was not planning on retiring."

III.

**{¶18}** Wife's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DANIEL F. GIGIANO, Attorney at Law, for Appellant.

KENNETH L. GIBSON, Attorney at Law, for Appellee.

RANDAL A. LOWRY, Attorney at Law, for Appellee.