[Cite as *Hague v. Kosicek*, 2019-Ohio-2089.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| CARLA R. HAGUE, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| | | **CASE NO. 2018-A-0060** |
| - vs - | : | |
| MAURI KOSICEK, EXECUTOR OF THE ESTATE OF CHARLES G. HAGUE, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CV 00199.

Judgment: Affirmed.

*Gary L. Pasqualone*, Curry and Pasqualone, 302 South Broadway, Geneva, Ohio 44041 (For Plaintiff-Appellant).

*David E. Lowe* and *Katie E. Christman,* Thrasher, Dinsmore & Dolan, LPA, 100 7th Avenue, Suite 150, Chardon, Ohio 44024 (For Defendant-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1}     Appellant, Carla R. Hague, appeals the trial court's judgment overruling her objections to a magistrate's decision and ruling that she is not entitled to receive further spousal support from the Estate of Charles G. Hague.  She contests that under the terms of the underlying divorce decree, her right to spousal support terminates upon Charles's death.  We affirm.

{¶2}     In June 2016, Charles was granted a divorce from appellant on the grounds

of incompatibility. Incorporated into the divorce decree is Charles's and Carla's separation agreement. As to spousal support, the divorce decree states:

{¶3} "IT IS FURTHER ORDERED that [Charles] shall pay directly to the Wife for an indefinite period, the sum of $1,326.80 per month or until the earliest of the death of Wife, Wife's remarriage, or Wife's cohabitation with an unrelated person as though married.

{¶4} "The said spousal support shall not be modifiable, nor shall the Court retain jurisdiction thereof * * *."

{¶5} Charles died on January 15, 2018, and a probate action was commenced in the Ashtabula County Court of Common Pleas. On February 5, 2018, appellee, Mauri Kosicek, was appointed executor of Charles's estate.

{¶6} When appellant did not receive spousal support following Charles's death, she filed a claim against his estate. She argued that Charles's death does not terminate the estate's obligation to pay monthly support because the divorce decree refers to her death, her remarriage, and her cohabitation as support ending events. Appellee rejected appellant's claim against the estate.

{¶7} Approximately one month later, appellant filed this separate action against appellee seeking spousal support from Charles's estate. Her complaint also seeks an order compelling the estate to reserve sufficient funds to continue to pay spousal support for the remainder of her life or until she remarries or cohabitates with another person.

{¶8} After appellee answered the single-claim complaint, the trial court referred the case to a magistrate. Without holding an evidentiary hearing, the magistrate ordered both parties to brief the merits. Specifically, the magistrate instructed the parties to

2

address the application of R.C. 3105.18(B) as it pertains to the spousal support order in the divorce decree. That statute provides, in pertinent part:

{¶9} "Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise."

{¶10} Appellant argued that since the order specifically states three contingencies upon which spousal support terminates, none of which is Charles's death, the order "expressly" provides that the payments are to continue after his death. Alternatively, she asserted that if there is ambiguity regarding their intent, parol evidence must be considered. Appellant attached to her brief the affidavit of the attorney who represented her in the divorce action averring that Charles and appellant agreed that spousal support would survive his death because he was already terminally ill at the time of the divorce.

{¶11} Appellee maintained that the statute mandates termination of spousal support absent express language stating to the contrary. (Appellee further argued that there is no express language to the contrary and that parol evidence could not be considered.)

{¶12} The magistrate rejected appellant's argument that the intent for the spousal support to continue after Charles's death could be implied from the other provisions of the support order. The magistrate held that under R.C. 3105.18(B), Charles's support obligation terminated at his death because there is no express language otherwise. In addition, the magistrate held that the affidavit of appellant's divorce attorney could not be considered under the parol evidence rule.

{¶13} Appellant objected to the magistrate's decision, restating her prior

3

argument.

{¶14} After hearing oral arguments on the objections, the trial court overruled the objections and adopted the magistrate's decision. The trial court held that parol evidence could not be considered because the spousal support order is clear and unambiguous, and does not expressly state that spousal support continues after Charles's death. The trial court ordered that the obligation to pay spousal support terminates upon Charles's death.

{¶15} On appeal, appellant assigns three assignments of error:

{¶16} "[1.] The trial court erred in its adoption of the magistrate's decision in appellee's favor ruling that under ORC 3105.18(B) spousal support terminated upon the death of [Charles Hague].

{¶17} "[2.] The trial court erred in its adoption of the magistrate's decision in appellee's favor in excluding attorney's affidavit which sets forth the true intent of the parties.

{¶18} "[3.] The trial court erred to the prejudice of plaintiff-appellant as it lacked jurisdiction to rule that spousal support terminated upon [Charles Hague's] death."

{¶19} Under her first assignment, appellant challenges the trial court's application of R.C. 3105.18(B). She asserts that the "expressly provides otherwise" requirement has been satisfied because the spousal support order specifically provides for the termination of such support upon the payee's death, remarriage, or cohabitation.

{¶20} Appellant relies upon *Forbis v. Forbis*, 6th Dist. Wood Nos. WD-04-056 and WD-04-063, 2005-Ohio-5881. In *Forbis*, the divorce decree addressing termination of spousal support is identical to the language in our case; i.e., the *Forbis* decree states that

4

spousal support terminates upon the earliest of the wife's death, her remarriage, or her cohabitation with a nonrelative male. The *Forbis* court held: "Since the [trial] court omitted [the husband's] death as a terminating factor, the court clearly expressed its intent for spousal support to continue after his death." *Id.* at ¶74.

**{¶21}** Other courts, however, are in conflict with *Forbis*. In *Woodrome v. Woodrome*, 12th Dist. Butler No. CA2000-05-074, 2001 WL 290067 (Mar. 26, 2001), the court began its analysis with the use of the word "expressly" in the statute. The court then quoted the following definition: "Expressly means 'in an express manner; in direct or unmistakable terms; explicitly, the opposite of impliedly.' Black's Law Dictionary (6 Ed.Rev.1990)." *Id.* at *1.

**{¶22}** In *Woodrome*, the divorce decree provides for indefinite spousal support. While acknowledging that the language is sufficient to imply that spousal support survives the payor's death, it does not expressly provide for it. Accordingly, the spousal support obligation ended at his death. *Id.*

**{¶23}** In *Budd v. Munka*, 9th Dist. Summit No. 27051, 2014-Ohio-4185, wife was ordered to pay spousal support for 120 consecutive months or until husband's death. On direct appeal, wife argued that the trial court erred in not including her death as a termination event. In rejecting this argument, the *Budd* court stated:

**{¶24}** "Wife asserts that the trial court's omission of death of Wife while including death of Husband requires the conclusion that the death of Wife would not be a condition that would terminate spousal support. However, the trial court's entry does not *expressly* provide that spousal support *will not* terminate if Wife dies. Said another way, the entry does not state that the Wife's spousal support obligation will continue after her death.

5

While there may [be] an *implication* that spousal support would not terminate upon Wife's death from the trial court's language, an implication is not equivalent to an express provision. Accordingly, because the entry does not expressly provide that spousal support will not terminate upon Wife's death, pursuant to R.C. 3105.18(B), spousal support also terminates upon Wife's death." (Emphasis sic). (Citation omitted.) *Id.* at ¶ 22. *See also Shaw v. Shaw*, 12th Dist. Fayette No. CA96-05-013, 1996 WL 551423, *3 (Sept. 30, 1996).

{¶25} Given the legislature's use of the word "expressly" in R.C 3105.18(B), *Forbis* is unpersuasive; i.e., we reject the holding that the continuation of spousal support after the payor's death can be implied from the other terms of the spousal support award. Consistent with *Woodrome*, *Budd*, and *Shaw*, R.C. 31105.18(B) can only be satisfied when the terms of the award expressly state that the payment is to extend beyond payor's death. In the absence of express language, the duty to pay spousal support ends when the payor dies.

{¶26} Here, the spousal support award does not expressly provide that Charles's obligation continues after his death. Appellant's first assignment lacks merit.

{¶27} Under her next assignment, appellant claims the trial court erred in failing to consider her attorney's affidavit.

{¶28} "The parol evidence rule states: 'absent fraud, mistake, or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.' *Galmish v. Cicchini*, 90 Ohio St.3d 22, 26, 734 N.E.2d 782, 2000-Ohio-7, quoting 22 Williston Contracts, (4th Ed.1999), 569-570, Section 33:4."

6

*Euclid Asphalt Paving Co., Inc. v. Mount Zion Fellowship Church*, 11th Dist. Lake No. 2004-L-175, 2005-Ohio-7049, ¶ 16. Therefore, when the terms of an agreement are clear and unambiguous, parol evidence cannot be considered in construing the terms. *Currier v. Penn-Ohio Logistics*, 187 Ohio App.3d 32, 2010-Ohio-198, 931 N.E.2d 129, ¶ 74 (11th Dist.).

{¶29} On the other hand, "[w]here a term is ambiguous, parol evidence is admissible to interpret, but not to contradict, the express language of the contract. *Ohio Historical Soc. v. Gen. Maintenance & Eng. Co.* (1989), 65 Ohio App.3d 139, 146, 583 N.E.2d 340 (citations omitted). '[I]f such an ambiguity is alleged, it must arise from the language of the contract itself and, therefore, courts will not admit parol evidence to construe an ambiguity forced into the contract to strain the apparent meaning of the language.' *Fireman's Fund Ins. Co. v. Mitchell-Peterson, Inc.* (1989), 63 Ohio Ap.3d 319, 328, 578 N.E. 2d 851, citing *Cincinnati v. Gas Light & Coke Co.* (1895), 53 Ohio St. 278, 286-287, 41 N.E. 239 * * *." *Sherock v. Ohio Municipal League Joint Self-Ins. Pool*, 11th Dist. Trumbull No. 2003-T-0022, 2004-Ohio-1515, ¶ 16.

{¶30} Here, the divorce decree lacks ambiguity. By operation of law, spousal support terminates upon the death of the payor unless the order expressly states otherwise. R.C. 3105.18(B). The trial court did not err in not considering parol evidence. The second assignment is also without merit.

{¶31} Under her final assignment, appellant maintains that by concluding that the spousal support obligation ended when Charles died, the trial court amended the support award as set forth in the divorce decree. She further maintains that since there was no reservation of jurisdiction over spousal support, the trial court exceeded the scope of its

7

jurisdiction.

{¶32} As stated however, the trial court correctly applied R.C. 3105.18(B) and enforced the spousal support provision.  It did not amend spousal support or exceed its scope.  The third assignment is not well taken.

{¶33}  The judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.