[Cite as *Daugherty v. Daugherty*, 2013-Ohio-1934.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

NANCY K. DAUGHERTY

    Appellant

    v.

RONALD G. DAUGHERTY

    Appellee

C.A. No.     12CA0003

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     09-DR-0365

DECISION AND JOURNAL ENTRY

Dated: May 13, 2013

CARR, Judge.

{¶1}　Appellant Nancy Daugherty appeals the judgment of the Wayne County Court of Common Pleas, Domestic Relations Division. This Court affirms in part, reverses in part, and remands.

I.

{¶2}　After sixteen years of marriage, Nancy Daugherty ("Wife") filed a complaint for divorce against Ronald Daugherty ("Husband"). Husband answered and counterclaimed for divorce. Husband filed a motion for temporary orders, specifically requesting that the trial court enjoin the parties from allowing third parties to reside in the marital home during the pendency of the divorce proceedings. The magistrate heard Husband's motion and issued a decision and order two days later, granting Husband's motion and issuing an order restraining both parties from allowing others to reside in the marital home without the permission of the other spouse.

**{¶3}** Almost a month later, Wife's attorney moved to withdraw from further representation of Wife based on her discharge of him. The trial court granted counsel permission to withdraw. One week later, Husband filed a motion to enforce an agreement that the parties had allegedly made regarding the issues raised in Husband's motion for temporary orders. Husband argued that the parties had reached an agreement subsequent to the hearing and that they had not had time to inform the court before the magistrate issued his decision. Husband asserted that the parties intended for their agreement to replace the magistrate's order, but that Wife discharged her attorney before he was able to execute the agreement on her behalf. Husband submitted the purported "Consent Magistrate's Order" to the court. The order stated that it would replace the magistrate's prior decision and order and characterized the orders within as "temporary orders." The temporary orders included that Wife would have exclusive use of the marital home until February 1, 2010, at which time Wife's son must vacate the premises and both Husband and Wife would again have full access to, use, and occupancy of the home. Wife would be required to make all payments associated with the home during her period of exclusive use. Finally, "[Wife] will make no claim to any part of [Husband's] inheritance, and no claim to any appreciation, active or passive, with respect to any separate property interest which [Husband] has." Neither attorney had noted his approval by signing the order under the "Approved" heading. The magistrate scheduled the matter for hearing.

**{¶4}** The magistrate issued a "decision and order" and ordered Husband's attorney to submit a consent magistrate's order consistent with the terms of the agreement as represented by Husband. Wife moved to set aside the order. Nevertheless, without waiting for the trial court to rule on the motion to set aside, the magistrate signed the order that reflected the "temporary orders" as enunciated above, including the provision that Wife would make no claim to

Husband's inheritance or appreciation in any separate property. Six months later, after the trial court had still not ruled on Wife's pending motion to set aside, Husband moved the court for a ruling. The next day, the trial court summarily denied Wife's motion to set aside without any analysis and ordered that it was adhering to its decision dated December 15, 2009. Although the magistrate issued his decision and order on December 15, 2009, there is no decision by the judge filed on that day, so there was no prior decision by the court to which it could adhere.

{¶5} On August 18, 2010, the matter proceeded to trial before the magistrate on the parties' divorce action. The parties agreed that they had resolved all issues except the issue of spousal support. The parties' agreement regarding the division of property was read into the record. Subsequently, the parties filed a stipulated agreement, approved by signature of the attorneys for both Husband and Wife. The agreement stated that the parties had reached an agreement on all issues relevant to their divorce except spousal support. The agreement further delineated the terms of their agreement regarding the division of all property. The magistrate issued a decision in which he found that spousal support was appropriate and recommended that Husband pay Wife $300.00 per month for a period of 24 months. The trial court issued a judgment decree of divorce the same day, reflecting the magistrate's recommendations.

{¶6} Wife filed timely objections, challenging the award of spousal support. Husband filed a brief in opposition. The trial court overruled Wife's objections without analysis and ordered that it adhered to it prior judgment decree of divorce. Wife appealed and raises two assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY GRANTING [HUSBAND'S] REQUEST TO ENFORCE THE CONSENT AGREEMENT THAT [WIFE] NEITHER AGREED TO NOR RATIFIED.

**{¶7}** Wife argues that the trial court erred by granting Husband's motion to enforce the temporary orders reflected in the consent agreement submitted by Husband and adopted by the trial court during the pendency of the action. This Court disagrees.

**{¶8}** The crux of Wife's argument is that the parties had not reached an agreement regarding the allocation of certain real property in which Husband had an interest. She argues that, accordingly, the trial court erred by enforcing the parties' alleged consent agreement to temporary orders regarding such property while the divorce action was pending.

**{¶9}** Wife subsequently appeared for trial on the parties' competing complaints for divorce, at which time both parties asserted on the record that they had reached an agreement as to all issues except for the issue of spousal support. Husband's attorney read the parties' agreement regarding the division of property into the record. Wife's attorney agreed that opposing counsel accurately enunciated the terms of the parties' agreement. In addition, both Husband and Wife agreed that the terms were accurately presented to the court. Specifically, upon direct examination by her attorney, Wife confirmed that the parties had reached an agreement regarding all financial aspects of the case with the exception of spousal support, asserted that she believed the agreement was fair and equitable, and she requested that the trial court adopt the parties' agreement as part of the judgment decree of divorce. The "Stipulated Agreement" was subsequently reduced to writing, signed by both attorneys, and filed with the court.

{¶10} Courts have recognized that a party has not preserved an issue for appeal when she has entered into a stipulation or agreement regarding the issue before the trial court. *See, e.g., Presjak v. Presjak*, 11th Dist. No. 2009 T 0077, 2010-Ohio-1455, ¶ 40. In fact, unless the party has explicitly reserved the right to challenge the issue on appeal, a consent decree or other stipulation or agreement before the trial court operates as a waiver of the right to raise the issue on appeal. *Miller v. Miller*, 3d Dist. No. 9 03 38, 2004-Ohio-923, ¶ 11.

{¶11} The parties jointly asserted at the divorce hearing that they had reached an agreement regarding all financial matters with the exception of spousal support. Their agreement regarding the division of property was read into the record and subsequently submitted in writing to the court. Both attorneys noted their approval in writing. Wife expressly stated on the record that the agreement was fair and equitable. The parties' agreement resolved all issues regarding the property division including all issues addressed in the prior consent agreement that Wife now attempts to challenge. Because the parties settled all matters regarding the division of property, neither presented any evidence on the issue. Nor did Wife qualify at trial that the parties' settlement excluded the property that was the subject of the disputed consent agreement. Wife's agreement at trial constituted a waiver of her right to now raise any issues regarding the allocation of property. The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

IN LIGHT OF THE FACTORS CONTAINED IN [R.C.] 3105.18, THE TRIAL COURT ERRED IN ITS DECISION THAT [HUSBAND] PAY SPOUSAL SUPPORT FOR A LIMITED PERIOD OF TWENTY-FOUR MONTHS. THE TRIAL COURT ALSO ERRED IN FINDING THAT IT WAS REASONABLE AND APPROPRIATE FOR [HUSBAND] TO ONLY PAY $300.00 PER MONTH TO [WIFE] AS HIS SPOUSAL SUPPORT OBLIGATION.

{¶12} Wife argues that the trial court erred in its determination regarding spousal support. This Court agrees.

{¶13} The appellate court reviews the trial court's award of spousal support for an abuse of discretion. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). Moreover, "[t]he burden is on the party challenging the award to show that the award is unreasonable, arbitrary, or unconscionable in order for this Court to overturn the award." *Gregory v. Gregory*, 9th Dist. No. 98CA0046, 2000 WL 877823 (July 6, 2000).

{¶14} While a trial court has wide latitude in awarding spousal support, it must do so in consideration of the fourteen factors enunciated in R.C. 3105.18(C)(1). Those factors include:

a. The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

b. The relative earning abilities of the parties;

c. The ages and the physical, mental, and emotional conditions of the parties;

d. The retirement benefits of the parties;

e. The duration of the marriage;

f. The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

g. The standard of living of the parties established during the marriage;

h. The relative extent of education of the parties;

i. The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

j. The contribution of each party to the education, training, or earning ability of the other party[;]

k.  The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

l.  The tax consequences, for each party, of an award of spousal support;

m.  The lost income production capacity of either party that resulted from that party's marital responsibilities;

n.  Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1).

{¶15} Wife sought spousal support in the amount of $1500 per month for eight years. Husband did not think he should have to pay Wife anything in the way of spousal support. The trial court awarded Wife $300 per month for twenty-four months. This Court concludes that the amount and duration of the spousal support award to Wife was unreasonable based on a consideration of the statutory factors.

{¶16} The trial court recognized the great disparity between Husband's and Wife's incomes although it apparently did not find the disparity very significant. Based on the parties' 2009 tax returns, in which each party filed married and separately, Husband's adjusted gross income was $69,403, while Wife's was $19,825. Husband earned $12,429 as a bus driver for Triway schools. His income included investment interest of $13,660, which the parties agreed would no longer continue because the investment company had filed for bankruptcy. It also included $20,827 from his retirement account. After the divorce, Wife would receive 50% of 5/33 of Husband's retirement, or approximately $1578 per year, leaving an annual retirement account income of $19,249 for Husband. Husband's income included $6481 from farm rental income, and Husband admitted that he was inheriting a second farm from which he expected to receive an additional $4500 per year in rental income. Wife earned $7234 through her employment at Triway schools and $3400 from mowing her mother's grass. She had earlier

earned approximately $28,000 per year before Husband decided to move the couple to Georgia to be close to his family. Upon their return three years later, Wife was unable to find work at her prior salary. After the divorce, she would also receive approximately $1578 per year from Husband's retirement account. Both parties also receive social security benefits. Without considering social security benefits, and assuming both parties maintained their current employment, Husband's anticipated future income from all sources would be approximately $60,200 per year, while Wife's anticipated future income from all sources would be approximately $21,400 per year. R.C. 3105.18(C)(1)(a)/(d)/(m).

{¶17} Husband is in good health, while Wife's health is fair. Wife had rotator cuff surgery which physically limited her ability to lift objects. In addition, Wife lost the vision in one eye. She testified that her employer could not likely offer her more than the 17 ½ hours per week that she was already working, nor did she believe she would be capable of working additional hours. Both parties were 64 years old at the time of the hearing. Husband did not want to work beyond the age of 66, although he did not testify that he was unable to do so. Neither party intended to obtain additional education or training in an effort to obtain additional employment. There was no testimony regarding the parties' education. R.C. 3105.18(C)(1)(b)/(c)/(h)/(j)(k).

{¶18} The parties were married for seventeen years and had no children together. They enjoyed a modest standard of living while married. R.C. 3105.18(C)(1)(e)/(f)/(g).

{¶19} Husband owned a home with no mortgage prior to the parties' marriage. That home became the marital home. Wife sold the home she owned prior to marriage. Husband inherited his mother's home, two farms, and significant assets from his mother's and an uncle's estate. Wife moved into her mother's home when the parties separated. Her mother was elderly

and ill. Although she might stand to inherit some assets from her mother, she has four siblings who likely would also inherit a portion of their mother's estate. R.C. 3105.18(C)(1)(i).

{¶20} Both parties presented monthly budgets to the court. Husband estimated his monthly income to be $4089, which did not include the anticipated additional farm rental income. He estimated his monthly expenses to be $3525, which included $300 for groceries, $480 for eating out, and $50 for coffee and snacks. He also included a monthly expense ($200) for a vehicle replacement fund so that he would be able to either fully fund or make a significant down payment on a new vehicle. Husband continued to live mortgage-free in his home. He would assume some additional tax liabilities when the second farm he was inheriting cleared probate. R.C. 3105.18(C)(1)(i)/(l).

{¶21} Wife estimated her monthly expenses to be $2812, which included an anticipated rent payment of $700. She was then paying her mother's guardian $50 per month to live in her mother's home, but she expected that the guardian would soon sell the home and she would be forced to find alternate living quarters. Based on her research, she testified that she would be lucky to find an apartment for rent for less than $700 per month. Wife did not include a vehicle payment expense in her monthly budget, although she testified that she needed a new vehicle. She testified that she was currently borrowing a car because her car was no longer functional. R.C. 3105.18(C)(1)(i).

{¶22} Husband argued that he would have to pay Wife every penny he earned from employment and supplement that amount with an additional $8000 per year to be able to pay Wife $1500 per month as she requested. He further asserted that it would be unfair to force him to work until the age of 72 in order to pay such a spousal support obligation. The evidence demonstrated that Husband had income and other assets which far exceeded Wife's. He was also

in better health than Wife. Moreover, Wife testified that Husband, without her knowledge or consent, made the decision to invest a large sum of the parties' money in a company that went bankrupt. While it is not reasonable to believe that Husband should have known that the managers of the investment company would prove to be unscrupulous, the loss of the yearly investment interest also had a negative effect on Wife, not only Husband who claimed the interest on his tax return. R.C. 3105.18(C)(1)(n).

{¶23} After careful consideration of the record and the law relevant to the case, this Court concludes that the amount of spousal support awarded by the trial court to Wife is unreasonable in light of the facts. Although the court need not consider need in its determination of spousal support, in this case, the trial court maintained a large disparity in the standards of living of the parties when it crafted its award. It gave no reasoning for its award. Instead, the amount appeared arbitrary, with no discernible basis.

{¶24} The duration of the award was also unreasonable.

> "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."

*Farnsworth v. Farnsworth*, 9th Dist. No. 02CA0074-M, 2003-Ohio-2341, ¶ 12, quoting *Kunkle v. Kunkle*, 51 Ohio St.3d 64 (1990), paragraph one of the syllabus.

{¶25} Here, the trial court provided for the termination of the award but did not do so within a reasonable time. The parties were married for seventeen years. Wife is of an advanced age and has little opportunity to develop meaningful employment outside the home. On the other hand, Husband, has significantly greater resources and the ability to be self-supporting. Under

these circumstances, an award of spousal support to Wife for a mere 24 months was unreasonable.

**{¶26}** Wife's second assignment of error is sustained.

### III.

**{¶27}** Wife's first assignment of error is overruled. The second assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ROSANNE K SHRINER, Attorney at Law, for Appellant.

LON R. VINION, Attorney at Law, for Appellee.