[Cite as *Uphouse v. Uphouse*, 2016-Ohio-95.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| ALBERT K. UPHOUSE | C.A. No. 27623 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DENISE R. UPHOUSE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2012-03-0647 |

DECISION AND JOURNAL ENTRY

Dated: January 13, 2016

CARR, Judge.

{¶1} Appellant Denise Uphouse appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court reverses and remands.

I.

{¶2} Albert Uphouse ("Husband") and Denise Uphouse ("Wife") were divorced after a 19-year marriage. Wife previously appealed from the domestic relations court's decree of divorce, arguing that the trial court failed to accurately recite the parties' stipulations regarding the disposition of the marital home and that it erred with regard to the spousal support order. This Court sustained Wife's assignment of error as to the trial court's failure to dispose of the marital home pursuant to the parties' stipulations, but we declined to address the assignments of error challenging the duration and amount of spousal support. *Uphouse v. Uphouse*, 9th Dist. Summit No. 27057, 2014-Ohio-2514, ¶ 8-10 (recognizing that the domestic relations court must fully dispose of marital property prior to awarding spousal support). Upon remand, the trial

court issued an order disposing of the marital home. Wife has again appealed, raising three assignments of error for review. This Court consolidates the assignments of error, as they implicate similar issues.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THE DURATION OF THE SPOUSAL SUPPORT AWARD.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT'S FINDINGS OF THE HUSBAND'S EXPENSES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT'S DETERMINATION OF THE AMOUNT OF REASONABLE AND APPROPRIATE SPOUSAL SUPPORT WAS AN ABUSE OF DISCRETION.

{¶3} Wife argues that the domestic relations court erred by limiting the duration and amount of the spousal support award. This Court agrees.

{¶4} This Court reviews an award of spousal support for an abuse of discretion. *Daugherty v. Daugherty*, 9th Dist. Wayne No. 12CA0003, 2013-Ohio-1934, ¶ 13. "'A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶5} Although it enjoys wide latitude in awarding spousal support, the domestic relations court is compelled to take guidance from R.C. 3105.18(C), which states:

(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal

support, which is payable either in gross or in installments, the court shall consider all of the following factors:

a. The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

b. The relative earning abilities of the parties;

c. The ages and the physical, mental, and emotional conditions of the parties;

d. The retirement benefits of the parties;

e. The duration of the marriage;

f. The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

g. The standard of living of the parties established during the marriage;

h. The relative extent of education of the parties;

i. The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

j. The contribution of each party to the education, training, or earning ability of the other party[;]

k. The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

l. The tax consequences, for each party, of an award of spousal support;

m. The lost income production capacity of either party that resulted from that party's marital responsibilities;

n. Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1).

{¶6} Wife first argues that the domestic relations court abused its discretion by limiting the award of spousal support to sixty-two months. As this Court has recognized,

> [t]he Supreme Court of Ohio has specifically provided certain factors to consider when determining the appropriate duration of spousal support in divorce cases. "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."

*Peters v. Peters*, 9th Dist. Lorain Nos. 03CA008306, 03CA008307, 2004-Ohio-2517, ¶ 19, quoting *Kunkle v. Kunkle*, 51 Ohio St.3d 64 (1990), paragraph one of the syllabus. *Kunkle* was decided at a time during which R.C. 3105.18 considered need as a factor in awarding spousal support. The statute was subsequently amended to eschew a need-based approach, focusing instead on reasonableness. Nevertheless, this Court continues to be guided by the considerations listed in *Kunkle* when determining the reasonableness of the duration of a spousal support order. *See, e.g., Daugherty v. Daugherty*, 2013-Ohio-1934, at ¶ 24-25.

{¶7} In this case, the parties were married for 19 years, reasonably a marriage of long duration. *See Peters* at ¶ 20 (concluding that a 13-year marriage was of a "relatively long duration"); *Schieve v. Schieve*, 9th Dist. Medina No. 05CA0037-M, 2005-Ohio-5190, ¶ 14, citing *Bowen v. Bowen*, 132 Ohio App.3d 616, 627 (9th Dist.1999) (concluding that a 20-year marriage was one of long duration). Although Wife was only 43 years old at the time of the divorce, she had been diagnosed with lupus, a debilitating disease, in approximately 2007. Husband conceded that Wife spent a year in the hospital shortly after her initial diagnosis and that she continues to have flare ups. Wife's physician testified that, due to the severity of Wife's symptoms, including profound fatigue, joint pain, sensitivity to ultraviolet light, lupus "fog" (cognitive impairment including memory loss and expressive aphasia), hearing loss in one ear, systemic inflammation, and blood clotting issues, Wife would have great difficulty maintaining employment of any type. Although Wife had three years of college education in the field of

early childhood development, she ceased her education after she became ill. Early in their marriage, Wife and Husband agreed that Wife would stop working outside the home when their second child was born in June 1997, and she has not been employed outside the home since that time. An attorney with over thirty years of experience representing the disabled before the Social Security Administration testified that Wife does not qualify for disability or supplemental security benefits because she has greater than the $2000 in assets allowed because of her $15,000 interest in Husband's 401(K) account.

{¶8} The trial court gave no reason for ordering the termination of spousal support after sixty-two months. Although it indicated that it considered Wife's health problems and noted her physician's opinion that she cannot maintain employment, the trial court nevertheless opined that Wife "should be able to complete her education within the [62-month] term of spousal support * * *."

{¶9} This Court concludes that the domestic relations court was unreasonable in limiting the duration of spousal support in this case where the parties had a marriage of long duration and where Wife had virtually no ability to become self-sustaining due to severe and incurable health issues. The domestic relations court seemed to believe that Wife could obtain self-sustaining employment after completing her college education. However, even assuming that her medical condition would allow her to complete her final one-year requirements over the course of five years, there was no evidence to dispute the medical expert's testimony that Wife would not be able to maintain any employment of any type due predominantly to her lupus-induced fatigue and pain. Under these circumstances, this Court concludes that the domestic relations court's order limiting the payment of spousal support to Wife for a duration of only sixty-two months was unreasonable. Wife's first assignment of error is sustained.

{¶10} Wife next argues that the domestic relations court abused its discretion in determining the amount of spousal support because it erred in its findings related to Husband's expenses. A review of the record indicates that the trial court attributed a monthly expenses amount of $2204.49 to Husband based on information in Husband's Affidavit of Property prepared several months before trial. Based on the undisputed evidence adduced at trial, however, many of the expenses attributed to Husband had been reduced, were scheduled to be eliminated within a short period of time, or were unreasonable. Specifically, Husband claimed monthly rent of $675, although he moved into an apartment leased by his girlfriend and her two children at that rate. Husband executed a lease solely in his name despite the fact that his girlfriend and her two children continued to live there with him. Attributing the entire amount of monthly rent to Husband under those circumstances was unreasonable. Husband also claimed child support in the amount ordered for two children, although the undisputed testimony was that the parties' son had already emancipated and child support for that child had terminated. In addition, Husband testified at trial that the almost $95 he claimed he paid for automobile insurance had been reduced to $40 a month. Finally, his $129.20 401(K) loan repayment would end within six months after the divorce trial. Taking into consideration Husband's concessions at trial that some of his claimed monthly expenses had been reduced or would soon be eliminated, coupled with his assumption of rent for his girlfriend and her children, the trial court was unreasonable in basing the amount of spousal support on Husband's claimed monthly expenses in the amount of $2204.49. Accordingly, Wife's second and third assignments of error are sustained.

III.

{¶11}  Wife's assignments of error are sustained.  The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

SHARYL W. GINTHER and KENNETH L. GIBSON, Attorneys at Law, for Appellant.

ALBERT K. UPHOUSE, pro so, Appellee.