[Cite as *Mahoney v. Mahoney*, 2017-Ohio-7917.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

ANGELINE C. MAHONEY

    Appellee

    v.

DENNIS A. MAHONEY

    Appellant

C.A. No.    16CA0061-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    15DR0351

DECISION AND JOURNAL ENTRY

Dated: September 29, 2017

CARR, Judge.

{¶1}    Appellant, Dennis Mahoney, appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division.  This Court affirms.

I.

{¶2}    This matter arises out of the 12-year marriage of Dennis Mahoney ("Husband") and Angeline Mahoney ("Wife").  Both Husband and Wife were in their early 60s when the couple married in 2003.  In 2015, Wife filed a complaint for divorce.  Husband promptly filed an answer and counterclaim.  Wife filed an answer to the counterclaim.  Husband then filed an amended answer and counterclaim, and Wife filed an answer to the amended counterclaim.

{¶3}    The parties reached an agreement on the allocation of the vast majority of their assets and liabilities.  The matter proceeded to trial on the issues of spousal support and division of the family silver.  On July 5, 2016, the trial court issued a judgment entry resolving the silver dispute and ordering Husband to pay $550 in spousal support per month.  The trial court did not

set a termination date for the spousal support payments but retained continuing jurisdiction over all aspects of the spousal support award.

{¶4} On appeal, Husband raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN THE AMOUNT AND DURATION OF SPOUSAL SUPPORT IT AWARDED APPELLEE[.]

{¶5} In his sole assignment of error, Husband contends that the trial court abused its discretion in the amount and duration of spousal support that it awarded to Wife. We disagree.

{¶6} This Court reviews a trial court's award of spousal support under an abuse of discretion standard. *Brubaker v. Brubaker*, 9th Dist. Summit No. 22821, 2006-Ohio-1035, at ¶ 7, citing *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997); *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} Although the trial court enjoys wide latitude in awarding spousal support, it is required to take guidance from R.C. 3105.18(C), which states:

(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support * * * the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

R.C. 3105.18(C)(1)(a)-(n).

{¶8}     In this case, Husband raises a litany of arguments in support of his challenge to the trial court's spousal support determination.  Husband contends that the trial court erred by including his pension when calculating his income for spousal support purposes.  Husband further argues that the trial court abused its discretion in a variety of ways, most notably by (1) failing to set a termination date for spousal support payments; (2) failing to appropriately consider the division of the parties' assets and liabilities as well as the parties' standard of living; and (3) erroneously concluding that the health and earning capacity of the parties supported an award of spousal support.

## Prenuptial Agreement

{¶9}    At the outset of our discussion, we note that the trial court determined that, due to a change in circumstances, it would be unconscionable to enforce the parties' prenuptial agreement that eliminated either party's right to spousal support in the event of divorce.  Though Husband makes several passing references to the prenuptial agreement in support of his challenge to the amount and duration of the spousal support award, he has not set forth an independent argument that the trial court erred by setting aside the spousal support provision in the prenuptial agreement.  *See* App.R. 16(A)(7).  It is the appellant's burden to affirmatively demonstrate error on appeal.  *Pascual v. Pascual*, 9th Dist. Medina No. 12CA0036-M, 2012-Ohio-5819, ¶ 6.  Where an appellant has failed to develop an argument on appeal, complete with citations to law, it is not this Court's duty to create an argument for them.  *Id*.  Under these circumstances, we decline to address whether the trial court erred by setting aside the spousal support provision in the parties' prenuptial agreement.

## Calculating Husband's Income

{¶10}  One of Husband's primary arguments on appeal is that the trial court abused its discretion by considering his pension as income when calculating spousal support.  Husband stresses that he began receiving his pension when he retired from his career as a firefighter in 1994, well before he married Wife in 2003, and that his pension should not have been part of the spousal support consideration.

{¶11}  The divorce decree in this matter reflects various stipulations by the parties that the trial court deemed substantially equal, fair, and equitable with respect to the allocation of assets.  One such stipulation dealt with each party's pension and retirement benefits.  Both parties receive social security benefits that reached payout status before the marriage.  Though

Wife does not receive a pension, Husband has an Ohio Police and Fire pension, all of which accrued prior to the marriage and which has been in payout status since before the marriage. The parties stipulated that "Husband shall retain his Police and Fire pension as his separate property." In making its spousal support determination, the trial court noted that it was nonetheless required, by the plain language of R.C. 3105.18(C)(1)(a), to consider the pension payout as part of Husband's income for spousal support purposes. The salon owned by Husband was defunct as of April 1, 2015. Although Husband and Wife both worked at the salon in various capacities prior to its closing, the trial court recognized that, at the time of the divorce, "[n]either party has earned income and both solely rely on retirement income." The trial court ultimately concluded that Husband's income for spousal support purposes was $38,760.73 and Wife's income was $18,552. In reaching this determination, the trial court considered each party's social security benefits as well as the disbursements Husband receives from his Ohio Police and Fire pension.

{¶12} While a spousal support award is generally reviewed for an abuse of discretion, we note that the question of whether a retirement asset should be considered for the purposes of calculating income under R.C. 3105.18(C)(1) presents a question of law, which this court reviews de novo. *Johns v. Johns*, 9th Dist. Summit No. 24704, 2009-Ohio-5798, ¶ 18. R.C. 3105.18(C)(1)(a) requires the trial court to consider "[t]he income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under [R.C. 3105.171]." In this case, it was appropriate for the trial court to consider Husband's income derived from his pension, even though his pension was earned prior to the commencement of his marriage to Wife and was deemed to be separate property. *Williams-Booker v. Booker*, 2d Dist. Montgomery Nos. 21752, 21767, 2007-Ohio-4717, ¶ 30 ("[Husband] was awarded his General Motors pension, which he earned prior to the marriage, as his separate

property. However, the income [Husband] currently receives from the pension * * * is income the court must consider when deciding whether spousal support is reasonable and appropriate. R.C. 3105.18(C)(1)(a).”); *Kilcoyne v. Kilcoyne*, 8th Dist. Cuyahoga No. 67926, 1996 WL 86586, *4 (Feb. 29, 1996); *Collins v. Collins*, 9th Dist. Wayne No. 10CA0004, 2011-Ohio-2087, ¶ 15. Thus, the trial court did not err by considering Husband's pension as income when making its spousal support determination.

### Duration of the Marriage

{¶13} As noted above, the trial court ordered Husband to pay $550 per month in spousal support and specified that payments shall continue until the death of either party, the remarriage of Wife, or her cohabitation with an unrelated male. On appeal, Husband succinctly professes that the parties' 12-year marriage was short term and did not justify a "life-time" spousal support award.

{¶14} Generally, the trial court should provide a date certain for the termination of spousal support payments in order to place a definitive limit on the party's rights and responsibilities. *Peters v. Peters*, 9th Dist. Lorain Nos. 03CA008306, 03CA008307, 2004-Ohio-2517, ¶ 19, quoting *Kunkle v. Kunkle*, 51 Ohio St.3d 64 (1990), paragraph one of the syllabus. However, the Supreme Court of Ohio has recognized that an award of spousal support of an indefinite duration may be appropriate under circumstances where the marriage was long term, the parties are of advanced age, or there is a spouse who has limited earning capacity. *Kunkle* at paragraph one of the syllabus. This Court "continues to be guided by the considerations listed in *Kunkle* when determining the reasonableness of the duration of a spousal support order." *Uphouse v. Uphouse*, 9th Dist. Summit No. 27623, 2016-Ohio-95, ¶ 6. If any one of the exceptions set forth in *Kunkle* is present, then the trial court's decision to refrain from setting a

termination date for spousal support will rarely be deemed an abuse of discretion. *D'Amore v. D'Amore*, 8th Dist. Cuyahoga No. 68101, 1996 WL 139698, *2 (Mar. 28, 1996); *Jakubec v. Jakubec*, 7th Dist. Mahoning No. 99 C.A. 242, 2001 WL 322050, *2 (Mar. 27, 2001). Though Husband and Wife's marriage of 12 years was only of moderate duration, Wife was 75 years old at the time of the divorce, and her earning capacity is virtually nonexistent. Under these circumstances, where Wife is of advanced age and has a limited earning capacity, we cannot say that the trial court abused its discretion by refraining from placing a termination date on the spousal support payments. We are further mindful that the trial court retained continuing jurisdiction to modify "[a]ll aspects" of the spousal support award. *See Bowen v. Bowen*, 132 Ohio App.3d 616, 627 (9th Dist.1999); *Brys v. Brys*, 11th Dist. Trumbull No. 2010-T-0113, 2012-Ohio-524, ¶ 36. "[T]he failure to assign a termination date is not an indefinite or lifetime award, 'where the court retains continuing jurisdiction to decrease or terminate the spousal support based on a change in either party's circumstances.'" *Brys* at ¶ 36, quoting *Tyler v. Tyler*, 8th Dist. Cuyahoga No. 93124, 2010-Ohio-1428, ¶ 20. Thus, the trial court could revisit at a future modification hearing the question of whether it would be appropriate to set a termination date based on a change in either party's circumstances. *Brys* at ¶ 36; *Hutchinson v. Hutchinson*, 113 Ohio App.3d 863, 866-867 (12th Dist.1996).

Standard of Living, Living Expenses & Assets and Liabilities

**{¶15}** Husband contends that the trial court abused its discretion by failing to consider the parties' standard of living with respect to R.C. 3105.18(C)(1)(g), placing particular emphasis on the parties' monthly living expenses. Husband further asserts that the trial court failed to consider the funds Wife received, and will continue to receive, from the proceeds of the property division in accordance with R.C. 3105.18(C)(1)(a).

**{¶16}** In the judgment entry of divorce, the trial court included a discussion of its consideration of the parties' standard of living pursuant to R.C. 3105.18(C)(1)(g). The trial court noted that the parties "lived comfortably, though not extravagantly during the marriage[.]" While the trial court noted that the standard of living was not extravagant, the trial court was mindful in making its spousal support determination that the parties enjoyed the use of several desirable pieces of real estate, including a condominium in South Carolina as well as a lake cottage, in addition to the marital residence. Though Husband suggests that the trial court failed to give adequate consideration to the validity and significance of the parties' monthly living expenses, as well as the relative assets of the parties in light of the property division, this Court has repeatedly held that a trial court is not required to make an enumerated list of findings with respect to all of the factors listed in R.C. 3105.18(C), but instead is merely required to give consideration to each of the factors and provide a sufficient basis for its award of spousal support. *Arn v. Arn*, 9th Dist. Summit No. 21078, 2003-Ohio-3794, ¶ 24. The parties presented ample evidence at trial regarding their respective lifestyles, living expenses, and financial constraints. In its judgment entry of divorce, the trial court engaged in a detailed and deliberate discussion of the factors set forth in R.C. 3105.18(C), reflecting a consideration of both the standard of living of the parties as well as the effect of the divorce on each party's independent financial standing. Under these circumstances, Husband has not demonstrated that the trial court's consideration of the spousal support factors set forth in R.C. 3105.18(C) was unreasonable, arbitrary, or unconscionable.

<u>Health and Earning Capacity</u>

**{¶17}** Husband's final argument is that the trial court abused its discretion by making erroneous findings with respect to the relative health and earning capacity of the parties.

{¶18} R.C. 3105.18(C)(1)(c) requires the trial court to give consideration to the "ages and the physical, mental, and emotional conditions of the parties" in making a spousal support determination. The crux of Husband's argument is that the trial court made an erroneous credibility determination regarding the health of each party. Husband claims that the trial court failed to give proper consideration to his poor health despite his claims that he struggles with, among other things, Type 2 Diabetes, Osteoarthritis, an enlarged prostate, and what he believes to be the early stages of Alzheimer's Disease. Husband also asserts that the trial court erroneously believed Wife's testimony that she has "Stage 4 cancer[.]" Husband believes the Wife's health claim is "tenuous at best" given her testimony that she is still capable of physical activity. Husband also underscores that while Wife testified that she has "Stage 4 breast cancer[,]" the trial court mistakenly stated that she has "metastic bone cancer." A review of the judgment entry of divorce reveals that the trial court acknowledged Husband's various ailments, but noted that Alzheimer's claim was not supported by any documentation of a diagnosis. The trial court also stated that Wife was taking chemotherapy medication as part of her cancer treatment, and that Wife had concerns about finding supplemental healthcare coverage when she was no longer on Husband's insurance plan. Accordingly, the trial court considered the health and wellness of the parties in accordance with R.C. 3105.18(C)(1)(c). To the extent that Husband alleges that the trial court made erroneous credibility determinations regarding the severity of the parties' medical conditions, we note that "the trial court was in the best position to assess the credibility of the witnesses' testimony, [and] we cannot conclude it was an abuse of discretion for the trial court to consider [Wife's] health limitations when awarding spousal support in this case." *Mullen v. Mullen*, 9th Dist. Summit No. 28083, 2017-Ohio-77, ¶ 15.

{¶19} Husband further contends that the trial court abused its discretion by determining R.C. 3105.18(C)(b) favored an award of spousal support because both parties are in their mid 70s and their "'earning abilities' are non-existent." As noted above, the trial court acknowledged the reality that both parties were of advanced age and were battling a variety of health issues. Nevertheless, the trial court recognized that in addition to being a retired firefighter, Husband was a hair stylist who had opened two businesses in his career. Wife, on the other hand, had worked as a furniture salesperson prior to working at Husband's business as a receptionist and de facto office manager. Thus, while the trial court was aware that both parties had undoubtedly surpassed their prime earning years, Husband had a marginally higher earning capacity due to his skillset and business sophistication. It follows that the trial court did not abuse its discretion in determining that consideration of R.C. 3105.18(C)(1)(b) favored an award of spousal support to Wife.

{¶20} Husband's sole assignment of error is overruled.

### III.

{¶21} Husband's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

L. BRYAN CARR, Attorney at Law, for Appellant.

LINDA HOFFMANN and BLAKE W. SKILLITER, Attorneys at Law, for Appellee.