[Cite as *Johnson v. Johnson*, 2018-Ohio-5317.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| KENNETH JOHNSON | C.A. No.     28941 |
| Appellee/Cross-Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NICOLE LYNN JOHNSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant/Cross-Appellee | CASE No.     DR-2017-03-0923 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2018

SCHAFER, Presiding Judge.

{¶1} Nicole Johnson ("Wife) appeals and Kenneth Johnson ("Husband") cross-appeals from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that granted the parties a divorce and ordered Wife to pay Husband spousal support. This Court affirms.

I.

{¶2} Husband and Wife married on December 31, 1999. During the early years of the marriage, Husband suffered a permanent injury at work and eventually began receiving disability as his sole source of income. The parties lived on Husband's disability income, Wife's employment income, and also dissipated significant portions of their savings and proceeds they received after winning and selling the 2014 St. Jude's Dream Home. On March 27, 2017, Husband filed a complaint for divorce.

{¶3} The parties' only child is now adult and Husband and Wife agreed to a separation of property. They stipulated on the record that the agreed property division was an equitable division of their assets and liabilities. Consequently, the matter proceeded to a hearing solely on the issue of spousal support for Husband. Following the hearing, the trial court adopted the parties' agreed separation agreement and ordered that Wife pay Husband spousal support of $765.00 per month for a period of 62 months. The trial court retained jurisdiction to modify the amount of the spousal support award but not its duration.

{¶4} Husband appealed and Wife cross-appealed. They each assign one error to that aspect of the judgment that ordered Wife to pay Husband spousal support. For ease of discussion, their assigned errors will be addressed together.

II.

**Assignment of Error**

**The trial court erred and abused its discretion in its finding that spousal support was appropriate and reasonable and in its order obligating [Wife] to pay [Husband] spousal support in the amount of $750.00 per month for a period of 62 months.**

**Cross-Assignment of Error**

**The trial court erred in ordering spousal support in the amount of $750.00 per month for a period of 62 months, without retaining jurisdiction to extend the term of spousal support.**

{¶5} Both parties challenge the trial court's award of spousal support to Husband. Wife asserts that spousal support was not appropriate in this case and that, even if an award of spousal support was warranted, the amount and duration is not reasonable. Husband challenges the spousal support order insofar as the trial court failed to retain jurisdiction to extend Husband's spousal support beyond the 62-month period.

{¶6} This Court reviews an award of spousal support for an abuse of discretion. *Daugherty v. Daugherty*, 9th Dist. Wayne No. 12CA0003, 2013-Ohio-1934, ¶ 13. "'[A] trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound.'" *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶7} Although the trial court has broad discretion in awarding spousal support, R.C. 3105.18(C)(1) requires the trial court to consider several enumerated factors to determine "whether spousal support is appropriate and reasonable" and to determine "the nature, amount, and terms of payment, and duration of spousal support[.]" R.C. 3105.18(C)(1) sets forth the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

* * *

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶8} Although Husband and Wife both purport to challenge the trial court's spousal support order, most of their arguments actually relate to the division of their marital assets and liabilities. They argue about each party's responsibility for the manner in which they accumulated or dissipated assets and liabilities during the marriage, but those arguments pertain to the ultimate division of marital property. Both parties agreed to the division of property and cannot now challenge the equities of that agreement or the manner in which the property was divided. *Presjak v. Presjak*, 11th Dist. Trumbull No. 2009-T-0077, 2010-Ohio-1455, ¶ 50-51.

{¶9} Although Husband asserts that the trial court erred in failing to retain jurisdiction over the duration of the spousal support award, he cites no authority to support that aspect of his argument. Instead, both parties argue that the trial court did not properly consider all of the statutory spousal support factors, but the record reveals otherwise. This Court will review the evidence pertaining to each factor that is relevant to this case.

### Income of the Parties

{¶10} Although Wife argues that Husband underrepresented his annual income to the trial court at the beginning of this case, the record reveals that the trial court considered Husband's correct annual disability income in its calculation of spousal support. During the year before the divorce, the trial court calculated Wife's total income at $63,215.00 and Husband's at $30,156. Neither party disputes either of those figures. The trial court also considered the fact

that Husband's disability income is not subject to income tax but Wife's employment income is, and those figures are properly reflected in the trial court's after-tax income calculation for each party.

## Age and Physical Condition

{¶11} At the time of the divorce, Husband was 59 years old and Wife was 44. Wife does not dispute the trial court's finding that she was in good health and had the ability to continue working at her current position. On appeal, Wife suggests that Husband is not truly physically disabled, but the evidence before the trial court was not disputed that Husband suffered a workplace injury many years ago and had been unable to work since that time. He received disability income as his sole source of income.

## Retirement Benefits

{¶12} The trial court considered that Husband would continue to receive disability benefits, had no separate retirement account, and no ability to build his retirement benefits aside from the portion of Wife's retirement that he would receive in the property settlement. Wife was still working at the time of the divorce and would have many years to continue to build her post-divorce share of her retirement account.

## Duration of the Marriage, Standard of Living

{¶13} The trial court considered that the parties were married for a relatively long period of 18 years. It further explained that, during that marriage, the parties lived a lifestyle that had been supplemented financially by cashing in Husband's savings account and a portion of a significant "financial windfall" that they received by winning and selling the St. Jude's Dream Home. The trial court explicitly found that the parties "do not have the financial resources to maintain their marital lifestyle."

## Education of the Parties

{¶14}  The trial court considered that Husband is a high school graduate and that Wife is a high school graduate with some college education.  Their relative education had little bearing on the court's spousal support determination, however, because Wife had been employed with the post office for 23 years and Husband was physically disabled and unable to work.

## Relative Assets and Liabilities

{¶15}  Wife points to the additional financial obligations that she will have to Husband as a result of the division of property, including that she must pay him for his share of marital equity in the marital home and her retirement account.  Her argument fails to recognize that, although her remaining assets lack the liquidity of the cash awarded to Husband, she continues to own the marital residence and her retirement account, both of which have the potential to grow in value.  Wife and Husband both point to their own financial obligations to pay for their vehicles, housing, and other living expenses, both of which were relatively comparable.  They have failed to demonstrate that the trial court did not fully consider those factors.

## Tax Consequences of an Award of Spousal Support

{¶16}  The record reveals that the trial court considered the tax consequences of spousal support.  In its calculation of after-tax income for each party, it explicitly deducted the annual spousal support amount from Wife's income and added it to Husband's.

{¶17}  The trial court also explicitly found that the other enumerated spousal support factors were not relevant in this case and those findings were supported by the record in this case.  The record reveals that the trial court considered all of the required factors and arrived at an equitable net income for each party for the next five years.  The parties have failed to demonstrate that the trial court did not appropriately consider and weigh all of the relevant

spousal support factors set forth in R.C. 3105.18(C)(1) or that it otherwise abused its discretion in its award of spousal support. The assignment of error and cross-assignment of error are overruled.

## III.

**{¶18}** The assignment of error and cross-assignment of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is afformed.

Judgment affirmed.

–––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to the parties equally.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CALLAHAN, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ARTHUR AXNER, Attorney at Law, for Appellant/Cross-Appellee.

LESLIE S. GRASKE, Attorney at Law, for Appellee/Cross-Appellant.