[Cite as *C.K. v. K.K.*, 2024-Ohio-2484.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

C. K.

    Appellant

    v.

K. K.

    Appellee

C.A. No.    2023CA0041-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    21 DV 0267

DECISION AND JOURNAL ENTRY

Dated: June 28, 2024

CARR, Judge.

{¶1} Appellant, C.K. ("Wife"), appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} On November 12, 2021, Wife filed a petition for a domestic violence civil protection order on behalf of herself, her biological son, L.K., and her stepson, A.K., against her husband, K.K. ("Husband"). The domestic relations court issued an ex parte domestic violence civil protection order the same day and scheduled the matter for a full hearing.

{¶3} Both Husband and Wife appeared at the full hearing and gave testimony. At the conclusion of the full hearing, the magistrate issued a five-year domestic violence civil protection order designating Wife as a protected party. The magistrate found that there was insufficient evidence presented at the hearing to designate L.K. and A.K. as protected parties. Husband filed objections to the magistrate's decision. After procuring a transcript, Husband filed a supplemental

brief in support of his objections. Wife filed a brief in opposition to the objections. The trial court subsequently issued a journal entry sustaining Husband's objections to the magistrate's decision and dismissing Wife's petition.

{¶4} On appeal, Wife raises three assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE MAGISTRATE DID NOT ABUSE HER DISCRETION IN FINDING THAT [HUSBAND] ENGAGED IN A PATTERN OF CONDUCT WHICH CAUSED [WIFE] MENTAL DISTRESS.

### ASSIGNMENT OF ERROR II

THE MAGISTRATE DID NOT ABUSE HER DISCRETION IN FINDING THAT [HUSBAND] COMMITTED A SEXUALLY ORIENTED OFFENSE WHEN HE MADE UNWANTED SEXUAL ADVANCES AND TOUCHING OF [WIFE'S] PRIVATE AREAS AFTER BEING TOLD THE RELATIONSHIP HAD ENDED.

### ASSIGNMENT OF ERROR III

THE MAGISTRATE DID NOT ABUSE HER DISCRETION IN FINDING THAT [HUSBAND] COMMITTED ACTS OF DOMESTIC VIOLENCE AND USING SUCH FINDINGS AS A BASIS FOR ISSUING A CIVIL PROTECTION ORDER IN FAVOR OF [WIFE].

{¶5} Wife raises three assignments of error wherein she focuses on the reasoning set forth in the magistrate's decision.

{¶6} This Court generally reviews a trial court's action in regard to a magistrate's decision for an abuse of discretion. *Fields v. Cloyd*, 9th Dist. Summit No. 24150, 2008-Ohio-5232, ¶ 9. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." (Citations omitted.) *Chafin v. Chafin*, 9th Dist. Lorain No. 09CA009721, 2010-Ohio-3939, ¶ 5.

{¶7} Wife filed a petition for a DVCPO pursuant to R.C. 3113.31. "Before the trial court may grant a domestic violence civil protection order pursuant to R.C. 3113.31, it must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." (Internal citations and quotations omitted.) *R.S. v. J.W.*, 9th Dist. Summit No. 28970, 2018-Ohio-5316, ¶ 6.

{¶8} Here, the magistrate issued a decision granting the petition as it pertained to Wife but finding that Wife failed to present sufficient evidence that L.K. and A.K. should be protected persons. Husband filed a number of objections, arguing that the evidence presented at the hearing did not justify the issuance of a protection order. In its journal entry sustaining Husband's objections and dismissing Wife's petition, the trial court emphasized that Wife was required to prove by a preponderance of the evidence that Husband engaged in an act of domestic violence. The trial court observed that Wife had failed to "demonstrat[e] by a preponderance of the evidence that [Husband] had engaged in an act of domestic violence, as defined by R.C. 3113.31(A)(1)(a), or that a domestic violence civil protection order was necessary to prohibit future acts of domestic violence."

{¶9} A careful review of Wife's merit brief reveals that Wife is not arguing that the trial court committed error in this matter. Although Wife generally asserts that the magistrate did not abuse its discretion, Wife has not set forth an argument establishing that she is entitled to reversal based on an error on the part of the trial court. *See generally Turner v. Kelsey*, Slip Opinion No. 2024-Ohio-1506, ¶ 6. As Wife has not met her burden of affirmatively demonstrating error on appeal, she cannot prevail on her assignments of error. *See Mahoney v. Mahoney*, 9th Dist. Medina No. 16CA0061-M, 2017-Ohio-7917, ¶ 9.

{¶10} It follows that Wife's assignments of error are overruled.

III.

**{¶11}** Wife's first, second, and third assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

DANIEL F. GIGIANO, Attorney at Law, for Appellant.

MARC R. HERTRICK and ANTHONY R. PECORA, Attorneys at Law, for Appellee.